## The Chicago City Railway Company

### *v.*

### Lucien Pelletier.

*Filed at Ottawa June 12, 1890.*

1. STREET RAILWAYS—*improper conduct of passenger—as, in the use of indecent language—right of expulsion, etc.* While a conductor of a. street railway car is justified in expelling a passenger for the use of vulgar and indecent language to the annoyance of other passengers, still the law does not justify unreasonable and excessive force, or per-- mit the removal of such passenger from the car at a place or under-- circumstances dangerous to life or limb.

2. But the conductor has no right to put a passenger off his car for the use of vulgar and indecent language in a tone loud enough to attract the attention of other passengers, and refusing to desist, unless such language is calculated to annoy and disturb them.

3. Railway companies are not conservators of the public or private morals, but they may and should adopt and enforce such reasonable rules as will protect their passengers from injury, insult, disturbance or annoyance. Their duty to prevent the use of offensive language on their cars is for the protection of their passengers, and arises out of their duty to passengers.

4. INSTRUCTIONS—*construed—whether liable to be understood as excluding evidence on one view of the case.* On the trial of an action against a street railway company for ejecting the plaintiff from its car, the company attempted to justify the expulsion on two grounds: the plaintiff's refusal to pay fare, and his use of language calculated to disturb other passengers. The court instructed, that even if the plaintiff did not pay his fare or some one pay it for him, and the conductor in charge of the car did not undertake to remove him in a peaceable manner, using no more force than was necessary, but pushed or threw him off the car while in motion, then, etc.: *Held,* that the instruction could not have been understood as excluding from the jury the consideration of the testimony tending to show misconduct of the plaintiff calculated to disturb the other passengers, especially when the jury were told, by other instructions, that the conductor would be justified in putting the plaintiff off the car for using vulgar and indecent language loud enough to disturb other passengers.

5. PRACTICE—*improper remarks of counsel, in argument, to the jury.* A new trial will not be awarded for the improper conduct of counsel, in his argument to the jury, in stating facts not in evidence, when the trial court promptly stops the counsel and tells the jury to disregard the remarks, and properly instructs as to them, and it does not appear that the jury were influenced by such remarks.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. C. M. HARDY, for the appellant.

Mr. F. W. TOURTELLOTTE, for the appellee.

Mr. Justice Baker delivered the opinion of the Court:

This was an action by appellee, against appellant, in the Superior Court of Cook county, to recover for personal injuries alleged to have been received by appellee by being forcibly ejected from the cars of appellant, and thrown violently upon the ground and under the feet of a horse, etc. A trial resulted in a verdict for appellee, assessing his damages at $2500. Motion for a new trial was overruled, and judgment was rendered on the verdict, which judgment, on appeal to the Appellate Court, was affirmed, and the railway company prosecutes this further appeal.

The general issue was filed, and a plea justifying putting appellee from the cars, etc., which set up the rules of the company to collect fare from each passenger, and requiring the conductors not to allow any indecent language or improper conduct on appellant's cars, and if any passenger should behave with gross impropriety, or refuse to pay fare, the conductor should stop the car and eject the passenger, using no more force than was necessary, and alleging that the appellant, when, etc., refused to pay fare, and became abusive, employed profane and indecent language, and behaved otherwise with gross impropriety; that the car was filled with passengers, etc., and the conductor, while the car was standing, gently laid hands upon him and removed him, etc., using no more force than was necessary, as he lawfully might. Issue was taken upon this plea of justification, and it was upon it that the case was mainly contested.

Looking into the evidence, we find that there is a sharp conflict, and the jury would have been warranted in finding either that appellee paid his fare or refused to do so, or that he was guilty of gross impropriety, to the disturbance and annoyance of passengers on the car, or that he was not, as they gave credence to the witnesses upon the one side or the other. In this state of case, three instructions were given

upon each side, of which no complaint is made, except as hereinafter stated. The law bearing upon the issues was given with substantial accuracy. Appellant, however, insists that the court erred in giving the first instruction in the series for appellee. It was as follows:

"1. The jury are instructed, that even if the jury believe, from the evidence, that the plaintiff did not pay his fare, or some one pay it for him, when riding on the defendant's car, and the conductor of the said defendant's car, then in charge of the car, did not undertake to remove him in a peaceable manner, using no more force than was necessary, but pushed or threw him off the car while the car was in motion, and without any immediate warning, and he was injured thereby, then the defendant is liable for such injury and damage."

The criticism made is, that the instruction ignored the right of the conductor to eject appellee from the car for such misconduct as would disturb other passengers that the company was required to protect. The instruction was not directed to the right to eject appellee, but to the manner of doing it, and it could not have been understood as excluding from the jury a consideration of the testimony tending to show misconduct on his part. Other instructions told the jury that the conductor would be justified in putting appellee off the car for using vulgar and indecent language in a voice loud enough to annoy or disturb other passengers. While this would be true, the law would not justify unreasonable and excessive force, or permit his removal from the car at a place or under circumstances dangerous to his life or limb. The instruction complained of went only to that branch of the case, and correctly stated the law.

It is also urged that the court erred in modifying appellant's second instruction. This instruction told the jury, that although appellee may have paid his fare, and the conductor was mistaken about it, yet if, during the discussion, appellee used vulgar and indecent language in a tone of voice sufficiently

loud to attract the attention of the passengers, and refused to cease the use of such language, then the conductor was justified, etc., in putting him off. The court inserted after the word "passengers" the words, "to annoy and disturb them," so that, as given, the instruction read, that if he used such language in a voice sufficiently loud "to attract the attention of the passengers and to annoy and disturb them," and refused to desist, etc., the conductor would be justified, etc. The modification was not improper. It seems to be contended that the fact that the attention of the passengers, or any number of them, was attracted by the language, whether it was calculated to annoy or disturb them or not, would justify the ejection of a passenger. Such is not the rule. Railway companies are not conservators of the public or of private morals. They may and should, in all cases, adopt and enforce such reasonable rules as will protect their passengers from injury, insult, disturbance or annoyance. Naturally, such rules for the protection of the passenger from the results of the conduct of others, fall into two classes,—those which relate to the safety of the passenger, and those that pertain to his comfort and convenience. Unquestionably, any conduct or any violation of a reasonable police regulation of the road, which tends to endanger the life or limb of the passenger, or in anywise put him or his property in jeopardy, may be met with such prompt action as the necessity of the case seems to require to prevent the threatened harm. The servants of the company would in such case not be required to wait, or justified in waiting, until injury was inflicted. In respect of regulations relating to the comfort and convenience of the passenger a different rule prevails. However strongly the use of indecent language in a public conveyance should be condemned, it is apparent that the use of such language attracting a few persons on the rear platform or seat might create neither annoyance nor disturbance, while the same language used at other times, in the presence of others, or under different circumstances, would be

highly offensive, and justly subject the passenger who persists in using the same, to ejection from the car. In such case the right of the company arises from its duty to protect its passengers from annoyance and discomfort, and undoubtedly the use of profane, vulgar and indecent language, having naturally the tendency to offend and annoy other passengers upon the car, would form sufficient justification for the conductor to stop this car, and require the person offending to leave, and upon his refusal to cease its use or leave the car, to eject him.

The modification was not error, and while the instruction might very properly have been further modified by inserting the further proposition, that if appellee used the language imputed to him, in a manner that naturally tended, under the circumstances shown, to annoy or disturb other passengers, and refused to desist upon request, etc., the conductor might lawfully put him off the car, using no more force than was reasonably necessary, and having due regard to his safety from injury, yet the instruction as given, in view of the facts, was not improper.

It is also said that error intervened in consequence of the remarks of appellee's counsel to the jury. While the remarks were clearly improper, they were met by the court promptly telling the jury they must disregard them, and the court also, by an instruction, pointedly told them their duty in that regard. The court did all in its power to correct the breach of the rule which requires that counsel shall, in argument, keep within the record, except to award a new trial, or punish the attorney for contempt. We are not prepared to say, that, considering the circumstances shown in the record, the jury were or could have been influenced by the remarks of counsel complained of.

We find no substantial error in the record. The jury having found for appellee, and that finding having been approved by both the trial and Appellate Courts, must stand.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*