### George Colbeck, Appellant, v. Marshall E. Sampsell, Receiver of Chicago Union Traction Company.

#### Gen. No. 13,938.

1. TRESPASSER—*instruction as to when person seeking to board traction car becomes, approved.* An instruction upon this subject as follows is approved:

"If you believe from the evidence that the plaintiff was guilty of improper conduct on said car and that he was ejected from said car, then the court instructs you, as a matter of law, that the plaintiff had no right to again board said car, and in attempting to do so, if he did so attempt, he would not be a passenger on said car but would be a trespasser."

2. INSTRUCTIONS—*how to be considered.* The instructions given by the court are to be regarded as a series, and the omissions of one may be cured by the contents of another.

Action in trespass for assault. Appeal from the Superior Court of Cook county; the Hon. W. H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed April 17, 1908.

MORSE IVES and H. E. WYNEKOOP, for appellant.

JOHN A. ROSE and FRANK L. KRIETE, for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

On October 29, 1905, appellee was operating an electric street car line on West Taylor street in the city of Chicago. Stephen Swan was motorman, and Peter Morris was conductor of the car in question. Appellant, George Colbeck, on the above date, accompanied by his son, a boy about eleven years old, boarded a west-bound electric car at Clinton street and West Taylor street, and stood upon the front platform. There were four or five other passengers on the front platform. Appellant stood at the right hand side of the platform, and his boy stood behind the motorman.

It is claimed and contended by appellant Colbeck that his boy accidentally bumped into Swan, the motorman, on two occasions when the car started up at street crossings, and that the motorman turned and slapped the boy. Appellant thereupon interfered and the motorman used offensive language toward him, and without any provocation struck appellant with his controller on the head three times. Thereupon appellant struck the motorman, knocking him against the glass in front of the car and breaking the glass. Appellant further claims that the conductor of the car, Morris, struck him in the face and on his head with a transfer punch, and that the motorman and conductor together put him off the car. Appellant then attempted to get back on the car to get his boy, who was still on the car, and the motorman and conductor refused to permit him to go back on the car and again assaulted him.

Appellee's contention is that there were five other passengers on the front platform of the car, and that appellant stood so close to Swan, the motorman, that in working the brake-staff he rubbed against Colbeck's stomach; that this was entirely unintentional on the

part of the motorman; that after this occurred the second time, appellant called Swan vile names and struck Swan on the head, knocking him over against the gate on the south side of the car. The conductor came out of the car and pulled Colbeck away, Swan then used the reverse to stop the car because appellant being in the way he could not use the brake. Morris, the conductor, then told appellant he would have to behave himself or leave the car. Appellant refused and threatened the motorman. The conductor ordered the car stopped, and appellant was then put off the car about twenty-five feet west of Desplaines street while the car was standing still, and using no more force than was necessary.

At this time, appellee contends, the boy got off the car. Swan denies that he struck the boy. Both the conductor and Swan deny that either of them struck appellant in the first fracas. After being put off the car, it is claimed that Colbeck again jumped on the car and attacked the motorman the second time, striking him on the head and in his face, while he held him by the throat. In this attack the conductor struck appellant with his fist, and Swan struck him once with the controller handle, but he did not kick him in the stomach at any time.

The jury returned a verdict of not guilty and the court entered a judgment on the verdict after denying a motion for a new trial.

It is urged as grounds for reversal of the judgment that the court erred in giving instructions fifteen and sixteen.

Instruction fifteen is as follows:

"If you believe from the evidence that the plaintiff was guilty of improper conduct on said car and that he was ejected from said car, then the court instructs you, as a matter of law, that the plaintiff had no right to again board said car, and in attempting to do so, if he did so attempt, he would not be a passenger on said car but would be a trespasser."

As applied to the facts of this case we do not think the giving of this instruction was error. It is a conceded fact that appellant was put off the car, and that thereafter he again boarded the car, as the evidence shows, not for the purpose of riding on the car, but for the illegal purpose of assaulting the motorman. In so doing he was a trespasser and not a passenger.

Instruction sixteen is as follows:

"If you believe from the evidence, under the instructions of the court, that the plaintiff was a trespasser on said car and that the motorman struck and injured him, then he cannot recover in this case and you should find the defendant not guilty."

The objection is made that this instruction does not distinguish between the occurrences when appellant was first upon the car and those when he was last on the car, and the jury were misled by the instruction and might apply it to what occurred the first time appellant was on the car.

We think this was not reasonable or probable, in view of instruction fifteen which, with the other instructions given, formed one entire charge to the jury. C. C. Ry. Co. v. Tuohy, 196 Ill. 410. The instruction was in reality a part of instruction fifteen, although numbered separately, and with that instruction embraced but one subject, and contained the entire charge of the court on that subject.

It is further urged that this instruction ignores the element of force used by the motorman and conductor in ejecting appellant from the car.

This instruction proceeds upon appellee's theory of the case, which was that in assaulting the motorman after he had been ejected from the car for improper conduct, appellant was not a passenger, but a trespasser on the car, and if in the assault upon the motorman he was struck and injured by him, appellant had no cause of action for any injury received by him against appellee. Appellee had a right to have the jury instructed on his theory of the case, if that theory was

based on the evidence, and was in law a good defense. The instruction submits to the jury the question whether appellant was a trespasser in fact, and also the question of fact, whether, while he was so a trespasser, he was struck by the motorman and injured, as the evidence tends to show, and then declares what the legal result is as to the liability of appellee.

The jury could not have understood these instructions to refer to the time when appellant was a passenger on the car before he was ejected from it, for no question or contention was made on the trial that he was not a passenger at that time. The rule of law announced in Chicago City Ry. Co. v. Pelletier, 134 Ill. 120, and other cases cited by appellant as to the use of unreasonable and excessive force in expelling a passenger from a car, has no application to the situation contemplated by the instruction, and it was not error to ignore the element of the degree of force used.

These are the only errors urged in argument. Finding no error in the record the judgment is affirmed.

*Affirmed.*