Stewart vs. The City of Ripon.

## STEWART VS. THE CITY OF RIPON.

INJURY FROM DEFECTIVE SIDEWALK.    *Rule of damages: Instructions: Excessive damages.*

1. In an action by a minor for an injury to his arm caused by a defective sidewalk, where it appeared that the usefulness of the arm was greatly and permanently impaired, the jury were instructed that if they found for the plaintiff and that his condition was the natural result of the accident, he was entitled to recover for the suffering, both bodily and mental, which he had since endured, and for the pain and mental anxiety which he would probably endure thereafter, by reason of such injury, " taking into consideration the impaired usefulness of the limb both past and in the future." *Held*, that the

instruction speaks of the impaired usefulness of the limb merely as an element of the bodily and mental suffering, and not as an independent ground of damages; and there was no error.

2. If the language of the instruction was liable to be misunderstood, defendant should have asked the court to instruct the jury that plaintiff could not recover for the loss of the use of his arm during his minority.

3. Where the court has given correct and specific instructions touching damages, it must be *presumed* that the jury heeded them.

4. Where the correct rule of damages is given in general terms, if a party desires more specific instructions, he should ask for them.

5. There was some evidence that the diseased condition of plaintiff's arm following the accident was aggravated by an organic, scrofulous tendency on his part. The jury were merely instructed that the damages must be confined to the natural and legitimate results of the injury. *Held*, that the omission to give more specific instructions on that subject (none such being asked by defendant) was not error, even if defendant would have been entitled to such, on making due request therefor.

6. In general, the doer of a wrong act is not liable for damage which is not the natural and ordinary consequence of such an act, unless it be shown that he knew, or had reasonable means of knowing, that such a state of things existed as rendered the actual damage probable.

7. But the public streets and sidewalks of a city are for the use of the sick and infirm and those with organic predisposition to disease, as well as for that of the healthy and robust; and the corporation is chargeable with knowledge that persons of the former classes constantly travel its highways, and that a bodily injury to such from a defective highway may be greatly aggravated by their diseased condition.

8. If, therefore, the diseased condition of plaintiff's arm would not have occurred but for his organic tendency to scrofula, still defendant's negligence must be regarded as the proximate cause of the whole injury.

9. Plaintiff's injury being serious and permanent, and such as may greatly impair his ability to earn his subsistence, this court declines to set aside as excessive a verdict for $3,625.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought to recover damages for personal injuries to the plaintiff, a lad eleven years of age, alleged to have been caused by a defective sidewalk in one of the public streets of the defendant city. It appears that the plaintiff on a certain

evening was passing along such sidewalk; and that he stepped, into a hole therein and fell, thereby injuring one of his arms. The testimony is conflicting as to the nature and extent of the injury, but it tends to show a fracture of the *humerus* near the elbow, and a dislocation of the shoulder. It also tends to show that the arm was treated or examined by several surgeons, that it became badly swollen, and for several weeks was very painful; and that the final result of the injury or treatment, or both, is, that the *humerus* is in a *narcosed* condition nearly its whole length, and has separated, and one end of it protrudes through the flesh near the shoulder; that the shoulder is useless; that there is a running sore on the arm; that pieces of bone are frequently taken from the arm; and that the usefulness of the limb is greatly and permanently impaired. That the sidewalk was defective, and that the city was chargeable with notice thereof, are uncontroverted facts in the case.

In addition to the general denial, the defendant in its answer averred that the injuries complained of were not the proximate result of the plaintiff's fall on the sidewalk, but were the result of negligent, harsh, and unskillful medical treatment. Testimony which, it is claimed, tends to prove this averment in the answer, was introduced on the trial; also testimony tending to prove that the plaintiff was of a scrofulous habit or tendency, and that because thereof his injuries were aggravated and resulted much more seriously than they otherwise would. The instructions are sufficiently stated in the opinion.

The jury found for the plaintiff, and assessed his damages at $3,625. A motion for a new trial was denied, and judgment was entered upon the verdict; from which the defendant appealed.

*E. S. Bragg,* for appellant:

1. The plaintiff was not entitled to recover for the impaired usefulness of the limb both past and in the future, the parent being entitled to the earnings of the son during minority.

*Traver v. Eighth Av. R. R. Co.*, 3 Keyes, 497; *Oakland R. R. v. Fielding*, 48 Pa. St., 320. 2. The damages allowed are not the proximate result of defendant's negligence; they are not within its probable consequences. *McGrew v. Stone*, 53 Pa. St., 436; *Sharp v. Powell*, L. R., 7 C. P., 258; *Putnam v. R. R. Co.*, 55 N. Y., 108; *Servatius v. Pichel*, 34 Wis., 299.

*J. J. Foote*, with *E. L. Runals* of counsel, for respondent:

1. The judge did not charge the jury that they could give damages for impaired usefulness of the limb. They were in effect told that for the mental anxiety occasioned by such impaired usefulness of the limb, they might give damages. If they had the right to take into consideration such impaired usefulness to any extent whatever, the charge was correct. If the defendant desired more specific instructions, he should have asked for them. 3 Chand., 46; 22 Wis., 215; 26 id., 56; 9 id., 129; 18 id., 373, 406; 11 id., 160; 15 id., 256; 16 id., 224; 17 id., 665. 2. The damages were not excessive; the evidence showed the injury to be permanent; the jury had the opportunity of personal examination; and their verdict should not be disturbed. *Houfe v. Fulton*, 34 Wis., 608; *Schmidt v. M. & St. P. R'y Co.*, 23 id., 186; *Karasich v. Hasbrouck*, 28 id., 569.

LYON, J. The exceptions taken during the trial to the rulings of the court on objections to the admission of testimony are few and unimportant, and are not relied upon by the learned counsel for the defendant. Hence they require neither discussion nor statement.

1. To the charge of the court but a single exception necessary to be considered was taken. The court (among other things) instructed the jury as follows: "If you find for the plaintiff, and that his present condition is the natural result of such injuries, he is entitled to receive such sum as in your judgment, under all the circumstances of the case, he ought to recover for the pain and suffering, both bodily and mental,

which he has endured, and for the pain and mental anxiety which it is reasonably probable he will endure hereafter, by reason of such injuries, *taking into consideration the impaired usefulness of the limb, both past and in the future.*" The exception above mentioned is to the words in *italics.*

Does the instruction state the law correctly? The father of the plaintiff is entitled to the services of his son during minority, and for such services, or the loss thereof for any cause, the father alone can maintain an action. This is elementary. Hence, if the instruction before us is, that the plaintiff can recover damages in this action because of his impaired ability, duri ng minority, to render services which belong to his father, it is erroneous. But .we do not so understand the instruction. Certainly the court did not say to the jury in terms that if the plaintiff recovered he might have damages for the impaired usefulness of the arm both past and future; and we think that no such meaning can justly be extracted from the language employed. On the contrary, it seems quite clear to us that the impaired usefulness of the limb is spoken of merely as an element of the bodily and mental suffering of the plaintiff for which he might recover damages, and not as a distinct and independent ground for damages. Manifestly, the consciousness that his arm is disabled for life must necessarily greatly increase the mental suffering of the plaintiff, and damages for such suffering belong to him and not to his father. In brief, we understand the instruction to be, substantially, that if the plaintiff was entitled to recover, the jury should award him damages for bodily and mental suffering, past and future, caused by the injuries, having due regard to the intensity and probable duration of such suffering; and that the consciousness of the plaintiff that the use of his arm was greatly impaired, was an element of mental suffering to be considered by the jury. This, we think, is a fair and reasonable interpretation of the language of the court. If the language employed was liable to be understood in a different way, the court should

have been asked to instruct the jury explicitly, that the plaint-iff could not recover for loss of the use of his arm during his minority. Such an instruction would have removed all possi-ble danger of misapprehension of the charge. But no such instruction was asked, and we cannot disturb the judgment merely because the court might have stated the proposition in terms a little less liable to be misunderstood by the jury.

2. The next position of the learned counsel for the defend-ant is, that the damages recovered are not the direct and proxi-mate result of the defendant's negligence. He claims that the plaintiff has recovered full damages for all the injuries he has sustained, while some portion of those injuries is the result of the malpractice of some or one of the surgeons who treated him therefor, and of the accidental circumstance that there was in his system an organic tendency to scrofula, which was the proximate cause of the *necrosis* of the bone.

As regards the alleged malpractice, it need only be said that the court instructed the jury that "the city is not liable for re-sults which may follow bad, improper or unskillful treatment of the injury, nor for injuries which the boy may have re-ceived in the course of such treatment." It must be presumed that the jury heeded the instruction, and that no damages caused by the alleged unskillful treatment were awarded.

On the other point the court gave no specific instruction, and none was asked, but the jury were told, in substance, that the damages must be confined to the natural and legitimate results of the injury. Undoubtedly, this is the correct rule of dam-ages. If the instruction was not sufficiently specific for the exigencies of the case, a proper one should have been prayed by the defendant. The judgment should not be disturbed. merely because the court did not, on its own motion, give a specific instruction concerning such alleged organic tendency to scrofula.

It is evident, however, that the *necrosis* of the bone, and the permanent injury to the arm resulting therefrom, entered large-

ly into the consideration of the jury, and that damages were awarded therefor. Hence, although the charge may be free from error, yet if the *necrosis* was the result of an exceptional and unforeseen cause, no damages can properly be awarded for the injury caused by it. In such case the damages are not the direct and proximate result of the defendant's negligence. The law on this subject is stated by BOVILL, C. J., in *Sharp v. Powell*, L. R., 7 C. P., 258, as follows: "No doubt one who commits a wrongful act is responsible for the ordinary consequences which are likely to result therefrom; but generally speaking he is not liable for damage which is not the natural and ordinary consequence of such an act, unless it be shown that he knows, or has reasonable means of knowing, that consequences not usually resulting from the act are, by reason of some existing cause, likely to intervene so as to occasion damage to a third person. Where there is no reason to expect it, and no knowledge in the person doing the wrongful act that such a state of things exists as to render the damage probable, if injury does result to a third person, it is generally considered that the wrongful act is not the proximate cause of the injury, so as to render the wrongdoer liable to an action." The cases of *Putnam v. Broadway & 7th Avenue R. R. Co.*, 55 N. Y., 108, and *McGrew v. Stone*, 53 Pa. St., 436, cited on behalf of the defendant, are to the same effect. We think these cases are in entire harmony with the remarks of Judge Redfield on the same subject, quoted approvingly in *Servatius v. Pichel*, 34 Wis., 299.

Assuming that but for the plaintiff's organic tendency to scrofula there would have been no *necrosis* of the bone, and assuming that the damages awarded are greater because of such *necrosis*, we are to determine, in the light of the rule of law above stated, whether the defendant had reasonable grounds to expect that an injury caused by its defective sidewalk would or might result as the plaintiff's injuries have resulted. If the defendant (or, what is the same thing, its duly

constituted officers through whom it acts) had reason to expect such a result, its negligence is the proximate cause of the whole injury for which the plaintiff has recovered ; otherwise not.

The public streets and sidewalks in a city are not constructed and maintained for the sole use of healthy and robust people, but for the use of the infirm, the sick and the decrepit, as well. They may lawfully be travelled by every citizen, without regard to age, sex or physical condition. If the city negligently permits such streets or sidewalks to remain out of repair, and any person (who is himself free from negligence) is injured thereby, the city is liable for the injury. It is chargeable with knowledge that people of different bodily conditions travel its streets, and that among these are the weak, the decrepit, and those with organic predisposition to disease. It is reasonable to expect that in certain cases, if an injury happen to one of the latter class, his full recovery therefrom may be retarded or prevented by such predisposition or tendency to disease. In the present case the defendant is chargeable with knowledge that persons with a constitutional tendency to scrofula (a very large class in any community) constantly travel its streets and sidewalks, and that such tendency to that disease might greatly aggravate a bodily injury. Hence, it had reasonable grounds to expect that if one of that class were injured by reason of the admitted defect in the sidewalk, the disease might develop, and greatly retard and perhaps prevent a cure, as in this case. If these views are correct, it necessarily follows that the negligence of the defendant was the proximate cause of the whole injury for which the plaintiff recovered damages.

This conclusion is sustained by the late case of *Oliver v. The Town of La Valle*, 36 Wis., 592. In that case the plaintiff, who was a married woman and pregnant, was riding with her brother, and, when crossing a defective bridge in a public highway, the team broke through the bridge. The plaintiff

jumped from the wagon and assisted her brother in an attempt to extricate the team. Failing in this, at the request of her brother, she ran some distance to obtain more assistance. The result of her fright and exertions was a miscarriage. She brought an action against the town, and the principal damages proved on the trial were the consequences of such miscarriage. It was held that such damages were the proximate result of the negligence of the town, and a verdict and judgment therefor were sustained. In principle, that case is like the present one. See also *Kellogg v. The C. & N. W. R'y Co.*, 26 Wis., 223.

3. It is claimed that the damages recovered by the plaintiff are excessive. The plaintiff's injuries are serious and permanent, and may greatly impair his ability to earn his subsistence; and the damages which he ought to recover therefor are peculiarly for the determination of the jury. On the authority of *Schmidt v. Milwaukee & St. Paul R'y Co.*, 23 Wis., 186; *Karasich v. Hasbrouck*, 28 id., 569; and *Houfe v. The Town of Fulton*, 34 id., 608, we are precluded from holding that the damages are excessive. See *Duffy v. C. & N. W. R'y Co.*, 34 Wis., 188, and cases cited.

This disposes of all the alleged errors in the proceedings and judgment of the circuit court, adversely to the defendant.

*By the Court.* — The judgment is affirmed.