McCoy vs. Milwaukee Street R. Co.

McCoy, by guardian *ad litem*, Respondent, vs. Milwaukee Street Railway Company, Appellant.

*May 2 — May 25, 1894.*

*Street railway companies: Injury to person through negligence of car driver: Evidence: Special verdict: Instructions to jury: Damages.*

1. In an action for an injury which permanently deprived plaintiff of the use of an arm, evidence on his behalf that he had no education or trade was admissible upon the question of damages.

2. Plaintiff's claim being that the wheels of defendant's street car in some way caught and crushed his elbow but did not run over his arm, it was not error to exclude expert testimony on behalf of the defendant as to what would have been the effect upon the arm if the car had run over it. If relevant, it was not the subject of expert testimony.

3. It being claimed that the injury was caused by the negligence of the car driver, evidence, elicited on his cross-examination, that it was part of his duty to see that passengers put their fares in the box, and that sometimes in attending to that duty he had to turn around so as to face the car, was competent to show that his attention was liable to be diverted, even though it could not be shown with certainty what was the precise situation at the time of the accident.

4. The question whether the defendant was guilty of any negligence which was the proximate cause of the injury being submitted to the jury for a special verdict, a question requiring the jury to state in what that negligence consisted was properly refused as calling for mere evidential facts.

5. A question as to whether the defendant in the exercise of ordinary care could have avoided the injury was also properly refused as being merely a repetition of the question first mentioned.

6. Where the jury were instructed as to some of the elements or facts to which attention should be given in forming their estimate of the value of the testimony of witnesses, a failure to call their attention to other elements or facts was not error, in the absence of any request for fuller or more specific instructions.

7. So, also, a failure to instruct the jury not to include in the damages compensation for plaintiff's loss of time, etc., during his minority, was not error, where no such instruction was requested.

8. Damages for mental suffering caused by serious personal injury are not special damages, and need not be specially pleaded or proved.

9. An award of $4,000 for a permanent, and almost or quite total, loss of the use of his left arm by a boy seventeen years old, is *held* not excessive.

McCoy vs. Milwaukee Street R. Co.

APPEAL from the Superior Court of *Milwaukee* County.

Action for personal injury.  The plaintiff claims the facts to be as follows: That the plaintiff, a messenger boy, about seventeen years old, was riding on horseback along a street on which the defendant operated its street railway, when the horse slipped and fell; that the horse fell onto the plaintiff in such a way as to confine him to the ground, and very near to the defendant's track; that one of defendant's cars drawn by horses was coming towards the plaintiff, and distant from him about half a block, at the time when the horse fell; that the whole situation was in plain sight of the defendant's car driver; that the car was not stopped, but continued on its course past the plaintiff; that in keeping his head from under the wheels as the car passed him, his arm in some way was crushed by the wheels.  The plaintiff's own testimony had some corroboration.

The defendant's theory of the accident was that the plaintiff was coming from the rear of the car; and that, while attempting to pass and get ahead of the car, his horse fell at the side of the car, and he was thrown against the car and pavement, and so received his injury without the knowledge or fault of the car driver.

There was a special verdict, with damages assessed at $4,000.  There was judgment for the plaintiff upon the verdict, from which the defendant appeals.

For the appellant there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*  They contended, *inter alia*, that the court erred in admitting evidence of the plaintiff's lack of education and that he supported himself.  2 Thomp. Neg. 1257, 1263; 3 Suth. Dam. (1st ed.), 261, 262; *Alberti v. N. Y., L. E. & W. R. Co.* 118 N. Y. 81, 82; *Stewart v. Ripon*, 38 Wis. 588.  The expert evidence in relation to the effect of a street car's running over the arm of plaintiff was improperly excluded.  *Louisville & N. R. Co. v. Mothershed*, 97 Ala. 261; *Watson v.*

*Minneapolis St. R. Co.* 53 Minn. 551; *Andrews v. Youmans,* 82 Wis. 81. The court erred in refusing to submit the questions proposed by defendant. *Haley v. Jump R. L. Co.* 81 Wis. 412; *Selleck v. Griswold,* 49 id. 39, 49, 50.

For the respondent there was a brief signed by *W. J. Turner,* counsel, and *Turner & Timlin,* attorneys, and oral argument by *Mr. Turner.* They argued, among other things, that what would have been the effect of the car's running over the boy's arm was not a subject for expert testimony. *Seliger v. Bastian,* 66 Wis. 521; *Oleson v. Tolford,* 37 id. 327; *Lawson v. C., St. P., M. & O. R. Co.* 64 id. 447; 1 Greenleaf, Ev. (15th ed.), sec. 440, *et seq.; Milwaukee & St. P. R. Co. v. Kellogg,* 94 U. S. 469; *Hammond v. Woodman,* 66 Am. Dec. 228; *Mellor v. Utica,* 48 Wis. 457; *Knoll v. State,* 55 id. 249. The boy's lack of education was properly taken into account in estimating his damages. *Power v. Harlow,* 53 Mich. 507; *Knapp v. S. C. & P. R. Co.* 71 Iowa, 41; *Henry v. S. C. & P. R. Co.* 75 id. 84. The damages were not excessive. *Schmidt v. M. & St. P. R. Co.* 23 Wis. 186; *Neilon v. M. & M. P. Co.* 75 id. 579; *Ketchum v. Tex. & P. R. Co.* 38 La. Ann. 777; *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375; *Sprague v. Atlee,* 81 Iowa, 1; *Mo. Pac. R. Co. v. Jones,* 75 Tex. 151; *Union Pac. R. Co. v. Young,* 19 Kan. 493; *Ridenhour v. K. C. C. R. Co.* 102 Mo. 270; *Little Rock & F. S. R. Co. v. Cagle,* 53 Ark. 347; *Sobieski v. St. P. & D. R. Co.* 41 Minn. 169; *Eldridge v. Atlas S. S. Co.* 58 Hun, 96; *Murtaugh v. N. Y. C. & H. R. R. Co.* 49 id. 456.

NEWMAN, J. The first error claimed is this: The plaintiff was permitted to testify, over defendant's objection, that he had learned no business or trade, that he had no education, and could not do office work. It was understood that this evidence was intended to bear upon the question of the amount of the plaintiff's damages. An authority cited

by the appellant on the subject, 2 Thomp. Neg. 1257, says:
" The jury, looking to all the circumstances of the case,—
his former occupation, its nature, the money or other bene-
fits derived therefrom, and the extent to which his capacity
to follow that or any other calling to which he is fitted is
impaired by the wrong of the defendant,— must assess his
damages at a sum which will compensate him for the in-
jury suffered." In order to be able to judge fairly how
much his capacity to earn money and to get a living has
been impaired, it would seem that the jury should be in-
formed by evidence of his qualifications and capacity to
follow his former or some other calling. It would seem to
be competent to inform the jury by evidence what fitness
he had for following his former or some other business,
both before and after his injury, in order to enable the jury
fairly to estimate his damages. The fact that he had no
education or trade is relevant upon such an inquiry.

The second error claimed is that the defendant's expert
witness was not permitted to give his opinion as to what
would have been the effect upon the plaintiff's arm if the
car wheels had run over it. It was not claimed by the
plaintiff that the wheels did run over his arm. He claimed
that the wheels in some way caught and crushed his elbow,
and left him with a stiffened and comparatively useless
arm. This does not seem to have been seriously disputed.
It could really throw little light upon the extent of the
injury, or the precise manner of its infliction, to show that
the arm would have been severed if the wheels had act-
ually passed over and across it. So the proposed evidence
had little relevance. If relevant, it was not a subject for
expert testimony. It is a matter of common knowledge
that a car wheel passing over a man's arm which lies across
the track will probably cut the arm off. The evidence
could not have enlightened the jury upon that subject.

The plaintiff was permitted, over the defendant's objec-

tion, by cross-examination of the defendant's witness the
car driver, to show that it was a part of the driver's duty
to see that the passengers put their fares in the box, and
that sometimes in attending to that duty he had to turn
around so as to face the car.  This is claimed as error.
Doubtless a large latitude must be permitted on cross-
examination.  The intelligence and memory of the witness,
his opportunity and accuracy of observation, his attention
or want of attention, are all proper subjects of investiga-
tion on cross-examination.  This tends to make clear the
degree of credence to which the statements are entitled.
Whether he was in a situation to give undivided attention,
or whether his attention was liable or likely to be diverted
by other duties, are certainly proper subjects of inquiry.
And this is none the less competent, but may be more im-
portant, in a case where it cannot be shown with entire
certainty what was the precise situation at the time of the
occurrence.  The testimony was competent for this pur-
pose, even if immaterial for any other purpose.

The court refused to submit in the special verdict two
questions requested by the defendant.  The first question
which was submitted is: "Was the defendant, or its serv-
ants, guilty of any negligence which was the proximate
cause of injury to the plaintiff?"  The defendant asked to
follow that question with this: "If you should answer the
foregoing question, number one, in the affirmative, in what
did that negligence consist?"  This question the court re-
fused to submit.  This is the fourth alleged error.  The
question which was submitted included the issuable fact of
the defendant's negligence.  This was a material issuable
fact in the case.  The question proposed by the defendant
is not addressed to any issuable fact in the case, but calls
upon the jury to report, in their special verdict, the evi-
dential facts from which they shall draw their conclu-
sion of the issuable fact.  It is now, since the subject

was revised in sec. 2858, R. S., well settled that such matters have no proper place in a special verdict. "It is the province of a special verdict to determine issuable facts, and not to present fragments or a mere abstract of the evidence." *McLimans v. Lancaster*, 63 Wis. 596, 603. "Each question should be limited to a single, direct, and material controverted issue of fact, and in such a way that the answer will necessarily be positive, direct, and intelligible." *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610, 618. "The questions should embrace only the plain, distinct, and material issuable facts." *Murray v. Scribner*, 74 Wis. 602, 607; Thomp. Trials, § 2652.

The second of the defendant's proposed questions which the court refused is: "Could the defendant, in the exercise of ordinary care, have avoided the injury to the plaintiff?" It is plain that, if the question should be answered in the negative, it in effect answers the first question in the negative; for, if the defendant could not, by the exercise of ordinary care, have avoided the accident, then it was not in fault, and could not have been guilty of negligence which caused the plaintiff's injury. It is, in effect, a repetition of the first question which was submitted. It could subserve no useful purpose to repeat the question in a different form of words, while possibly the jury might fail to observe the practical identity of the questions, and might possibly give answers which should be found to be inconsistent, and so the verdict might be made ineffectual. Such results are to be avoided so far as care in forming the questions to be submitted in the special verdict can go. The question was not necessary to a complete verdict. There was no error in the refusal to submit these questions.

The fifth alleged error relates to the charge of the court. The judge instructed the jury as to some of the elements or facts to which attention should be given in forming their estimate of the value to be attached to the testimony

of the witnesses. He did not call attention to all of the elements usually considered as bearing upon that subject; nor did he attempt to. He did call attention to some of the more important features to be considered, as arising fairly in the case. So far as they go, the instructions are not erroneous. If the defendant desired instructions more full or specific, it should have requested them to be given; otherwise the omission to give them is not error. *Austin v. Moe*, 68 Wis. 458, and the cases cited.

The same observation answers another objection to the instructions. The court did not call the attention of the jury to the fact that the plaintiff, during a part of the time while his .damages were accruing, was an infant, nor instruct them not to include in the damages assessed compensation for loss of time or for impaired ability to labor during his minority. The charge on the general subject of .damages for loss of time and impaired ability to labor is not complained of. No doubt the omission to instruct on this point was an oversight. The defendant should have called the attention of the court to the subject. *Stewart v. Ripon*, 38 Wis. 584.

The court also instructed the jury, as bearing on the subject of the assessment of the damages, that they should consider the plaintiff's mental suffering, caused by the accident. The objection is that such damages are special damages and are not claimed in the complaint nor mentioned in the evidence. But damages which are the natural and necessary consequences of the injury are not special damages. They do not need to be pleaded nor specially proved. They are presumed from the injury itself. The law implies that injury to the feelings follows serious personal hurts. 1 Suth. Dam. (2d ed.), §§ 419–421; *Stewart v. Ripon*, 38 Wis. 584.

The sixth alleged error is: The verdict is against the weight of evidence, and the damages are excessive. The

court cannot say that the verdict is so clearly against the weight of the evidence as that it should be set aside on that ground. It seems to the court, rather, that the evidence fairly supports the verdict. And, in view of the precedents, it cannot be held that the damages are excessive for the permanent, and almost or quite total, loss of all beneficial use by the plaintiff of his left arm.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.