THE FORT SCOTT, WICHITA & WESTERN RAILWAY
COMPANY v. LINA LIGHTBURN.

**No. 461.**    (58 Pac. 1033.)

1. DAMAGES—*Mental Pain and Suffering—Pleading.* Mental
pain and suffering which are the natural and proximate results of
a physical injury or an element of or necessary consequence of the
physical pain caused thereby can be recovered under the general
allegations of damages for such injury, and need not be specially
pleaded.

2. ——— *Gross Negligence—Evidence.* There is no evidence in
this case to justify the court in submitting to the jury the ques-
tion of whether the plaintiff in error was guilty of gross negli-
gence.

3. ——— *Evidence—Gross Amount of Damage—Financial
Condition.* It is error to permit the introduction of the testi-
mony of the plaintiff below as to the gross amount she was dam-
aged and as to her financial condition.

Error from Harper district court; G. W. McKAY,
judge.    Opinion filed November 20, 1899.    Reversed.

*J. H. Richards, C. E. Benton,* and *W. S. Cade,* for
plaintiff in error.

*Huston & McCulloch,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in
the district court of Harper county by the defendant
in error to recover from the plaintiff in error for inju-
ries she is alleged to have sustained by being thrown
from a buggy by a horse which became frightened at
a hand-car and water-keg belonging to said railway
company.    Verdict and judgment were rendered for
the defendant in error for $1020, and the railway com-
pany brings the case here for review.

We will consider but four of the errors complained

of: (1) In overruling the demurrer to plaintiff's evidence; (2) in rendering judgment for $340 for mental pain and suffering; (3) in instructing the jury upon the question of gross negligence; (4) in permitting the introduction of the testimony of the plaintiff in error that she was damaged in the sum of $5675, and as to her financial condition.

The evidence in this case as to whether the defendant company or the Missouri Pacific Railway Company was operating the road is very similar to that in *Ft. S. W. & W. Rly. Co. v. Fortney*, 51 Kan. 287, 32 Pac. 904, and, following that decision, we must hold that the court did not err in overruling the demurrer.

The jury state in their special findings that they allow the plaintiff $340 for mental pain and suffering.

" Damages for mental suffering can be recovered in cases of this kind, where such mental suffering is an element of the physical pain, or is a necessary consequence of the physical pain, or is the natural and proximate result of the physical injury, and can be recovered in cases of this kind, only under such circumstances." (*City of Salina v. Trosper*, 27 Kan. 544; see, also, *City of Parsons v. Lindsay*, 26 id. 426.)

There was no claim that Miss Lightburn suffered any mental pain aside from the physical pain and no evidence tending to show any mental pain and suffering except such as resulted directly from the physical injury and pain. This kind of mental pain and suffering is a proper element of damages, and is recoverable under the general allegation of damages. It is not matter of special damage and need not be specially pleaded. (*Wright et al. v. Compton*, 53 Ind. 337.) We are of the opinion, however, that there is no evidence in the case at bar to support the finding of damages for mental pain and suffering.

There is an entire absence of evidence which would

justify the trial court in submitting to the jury the question whether the railway company was guilty of gross negligence. In order to constitute gross negligence in this case the employees of the railway company must have wilfully and wantonly placed the hand-car and water-keg in the highway or have been totally indifferent to the consequences of their acts. Nothing of this nature appears from the evidence.

The court erred in permitting the introduction of the testimony of the plaintiff below that she was damaged in the sum of $5675 (*Parsons Water Co. v. Knapp*, 33 Kan. 753, 7 Pac., 568), and as to her financial condition. See *City of Parsons v. Lindsay*, supra.

The judgment of the district court is reversed and the case remanded for a new trial.