SARAH TRUEL et al., Respondents, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 2, 1910.

1. CARRIERS: Tickets: Contracts. Where a passenger pays the ordinary fare his ticket does not constitute a contract, but is a mere token or evidence of a contract which the law creates, and an allegation that a carrier's contract is based on such ticket may be treated as superfluous.

2. ———: ———: ———: Damages for Delay. By an error of defendant plaintiff was put off of one train and compelled to take a later one, which brought her to her destination at night, caused her to make a long walk and produced a severe cold. There was sufficient evidence to justify a finding for the plaintiff.

3. ———: ———: ———. While damages cannot be allowed for mental suffering without allegation and proof of physical injury, an allegation that plaintiff suffered great physical pain on account of having to take a long walk, and evidence in

support thereof and that she caught cold as the result of such walk, furnished sufficient foundation for proof of mental suffering.

4. ———: ———: ———: **Prejudicial Evidence: Punitive Damages.** Where evidence of offensive conduct on the part of defendant's conductor was admitted without objections, and the court instructed the jury that plaintiff was not entitled to punitive damages, the defendant has no ground of complaint.

5. ———: ———: **Misconduct.** Where the court eliminates the issue of punitive damages, counsel for plaintiff had no right to argue on the alleged offensive conduct of defendant's employees, and on objection to such an argument the court erred in not instructing the jury to disregard such remarks.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

REVERSED AND REMANDED.

*Joseph M. Bryson* and *Montgomery & Montgomery* for appellant.

(1) The petition in this cause is based upon the contract shown by the ticket on its face and as being the contract between the parties. This contract only entitles the plaintiff to ride to Muskogee, but she was allowed to show and recover upon a contract lying behind the ticket, and which entitled her to ride to Sedalia. The first instruction given for plaintiff in like manner was based, not on the contract sued upon, but upon an entirely different contract. Boling v. Railroad, 189 Mo. 231; Leyser v. Railroad, 138 Mo. App. 42; Cherry v. Railroad, 191 Mo. 511; Truwell v. Knights, etc., 126 Mo. App. 506. (2) The whole cause of action according to the petition failed, and recovery was allowed upon an entirely different state of facts from those alleged in the petition. The first instruction given for the plaintiff follows the same proof, and is not based on the pleading. The facts proved are directly negative to the facts alleged. Manufacturing Co. v.

Foundry Co., 115 Mo. App. 392; Chilty v. Railroad, 148 Mo. 75; Hensler v. Stix, 113 Mo. App. 173; Andrus v. Bradly-Anderson Co., 117 Mo. App. 324; Mark v. Cooperage Co., 204 Mo. 261. (3) The court below erred in giving to the plaintiff the instruction numbered 2, in reference to the measure of damages. This instruction directed the jury to take into consideration any physical injury the plaintiff may have sustained, or physical pain suffered, by reason of being ejected from the train, and if she suffered any physical pain or injury, to also consider her mental suffering and anguish occasioned as a result thereof. There is no evidence upon which to base any such instruction. There is no averment in the petition of any physical injury or bodily harm , or hurt; no averment and no proof of any act on the part of the employees of defendant, by which physical injury or bodily harm or hurt was occasioned to plaintiff, and she was not entitled to recover for mental suffering or fright in the absence of such acts or conduct. The court erred in refusing to give defendant instruction number 11, taking this issue from the jury. Deming v. Railroad, 80 Mo. App. 157: 8 Ency. Law, p. 666; Smith v. Pullman Co., 138 Mo. App. 245; Crutcher v. Railroad, 132 Mo. App. 311; Smith v. Railroad, 127 Mo. App. 60; Ballis v. Railroad, 134 Mo. App. 705; Francis v. Transfer Co., 5 Mo. App. 11. (4) The court erred in permitting defendant to narrate at length her attempt to find the home of her daughter-in-law in Sedalia, after the arrival of the train, and her trip back to the depot, after she was left by the hack at the vacant house on Osage street in Sedalia, and the effect her trip back had on her health and mind. Such damages were too remote. Francis v. Transfer Co., 5 Mo. App. 11; Spry v. Railroad, 73 Mo. App. 211; Smith v. Railroad, 127 Mo. App. 61. (5) The court permitted the testimony to go in over the defendant's objections. The evidence showed no case was made for exemplary damages, and the court

below so ruled, and evidence should not have been admitted for damages she was not entitled to recover. Ramling v. Railroad, 97 Mo. App. 519; Moss v. Railroad, 128 Mo. App. 388; Crutcher v. Railroad, 132 Mo. App. 318; Trigg v. Railroad, 74 Mo. 153; Strange v. Railroad, 61 Mo. App. 592. (6) The court undertook to correct this by an instruction, but the vice of the admission of the testimony was not removed. Railway v. McElroy, 161 Mo. 590; Walton v. Railroad, 40 Mo. App. 550. (7) The court erred in not reprimanding the counsel of plaintiff for his improper remarks to the jury and not instructing the jury to disregard. These remarks were not warranted by any facts or testimony in the case. Their only effect could be to prejudice the jury unfairly and improperly. Beck v. Railroad, 129 Mo. App. 24; Evans v. Trenton, 112 Mo. 402; Haynes v. Trenton, 108 Mo. 133; Eppstein v. Railroad, 197 Mo. 738; Neff v. Cameron, 213 Mo. 371. (8) The plaintiff has shown no pecuniary loss as the result of the mistake, and having failed completely in her proof, the court erred in not giving the peremptory instruction asked by the defendant. Crutcher v. Railroad, 132 Mo. App. 317; Smith v. Pullman Co., 138 Mo. App. 238.

*Barnett & Barnett* for respondents.

BROADDUS, P. J.—This is a suit for damages for the alleged wrongful action of defendant.

The petition charges defendant with wrongfully ejecting plaintiff from one of its trains at Parsons, in the State of Kansas.

The gist of the petition is as follows:

"Plaintiffs state that on the 6th day of October, 1907, at Shawnee, Oklahoma, the plaintiff, Sarah Truel, bought of the agent of the Rock Island at said place, two tickets, one whole fare ticket for herself and a half-fare ticket for her minor boy, from said Shawnee to Sedalia, Missouri, by way of the city of McAllister,

Indian Territory. That said tickets authorized and entitled the said plaintiff and her minor son to ride and to be transported over the said Rock Island railroad to McAllister, Indian Territory, and from McAllister, Indian Territory, over the defendant, the Missouri, Kansas & Texas railroad, to Sedalia, Missouri.

"Plaintiffs state that said tickets were coupon tickets, one of the tickets on each of said tickets entitling the plaintiff and her son to ride over the Rock Island railroad from said Shawnee to said McAllister and the other coupons on tickets authorizing the plaintiff and her son to ride and be transported over the defendant railroad from the said city of McAllister to the city of Sedalia.

"Plaintiffs further state that on said 6th day of October, 1907, by virtue and the authority of her said ticket and the contract therein embraced which authorized her to be transported and carried over the said Rock Island railroad to McAllister and over the defendant railroad from McAllister to Sedalia, she, with her minor son, boarded the train of the said Rock Island on said day and was carried thereon to the said city of McAllister, arriving there on the morning of October 7th. And on the said morning of October 7th, about seven o'clock a. m. of said day, she and her said minor son, by virtue of her ticket and contract aforesaid, boarded the train of said defendant railroad at McAllister for the purpose of riding thereon to Sedalia, Missouri, as she and her said son had a right to do.

"The plaintiff further states that after she had boarded said train and the train had started, and when the conductor came to take up her ticket and that of her son, he wrongfully and without any right whatever, refused to recognize said ticket and refused to carry her and her said son on said ticket, although the plaintiff had contracted with the defendant's agent as aforesaid by the purchase of the aforesaid ticket and had

paid the full price for her said ticket and was entitled to ride thereon."

The plaintiff then further alleges that when the train arrived at Parsons, Kansas, she was put off the train; that she was detained there for several hours but was allowed to ride on the next train and did not arrive in Sedalia until late at night; that had she arrived on the first train her daughter would have been looking for her and she would by then have been taken to her daughter's home; that after she did arrive she procured a carriage and was taken to the place where she understood her daughter resided, but when she arrived she found that they had moved to some other place to her not known; that the carriage had left when she alighted; and that in order to regain the depot, a long distance away, not being able to obtain any other place to stay, she had to walk; and that she suffered great physical pain together with great mental anguish.

The evidence disclosed that the agent who sold her the ticket made a mistake and punched it for McAllister instead of Sedalia, which was the reason that the conductor put her off at Parsons. It was afterwards learned that the agent had made the mistake and she was allowed to ride on the next train to her destination. Her evidence went to show that if she had been permitted to arrive on the train from which she had been ejected, she would have arrived at her destination during daylight and would have been met at the depot by her stepdaughter, and have gone to her home, but as it was she arrived late at night and no one to meet her she hired a carriage and was taken to where she supposed her stepdaughter lived, but there, she found that her stepdaughter had moved to some place in the city unknown. By this time the carriage had left and she sought lodging but could not find any, for the reason that the Sedalia Fair was in progress and there was no unoccupied room for her, whereupon she

143 App—25

walked back to the depot, a long distance, and suffered thereby much physical pain and distress. She testified that she was nearly blind and that the walk and exposure gave her a cold from which she suffered much pain of body and mind.

At the close of her evidence the defendant interposed a demurrer to her case which the court overruled.

The jury returned a verdict for actual damages in the sum of $400, and from the judgment rendered thereon defendant appealed.

The demurrer was properly overruled. The contention of appellant is, that the petition is based upon the contract shown by the ticket on its face to the contract between the parties, but which is not proven. Literally speaking such is the case, but as a matter of fact the law created the contract instead of the ticket. It is said that: "A railroad ticket for transportation over a railroad from one point to another, paid for at the full or regular ordinary rate, is not a contract within itself, but a mere token of evidence of a contract which the law creates and which lies behind the ticket." [Boling v. Railroad, 189 Mo. 219; Leyser v. Railroad, 138 Mo. App. 38.] In each of said cases the court makes a distinction where the passenger pays the ordinary fare and where he pays a reduced fare. In the latter instance the ticket evidences the contract. In this case plaintiff paid the ordinary fare. The cause of action is the same as if plaintiff had sued on the implied contract, and the allegation that her contract was based upon a ticket was superfluous.

The court instructed the jury in estimating plaintiff's damages to take into consideration any physical injury the plaintiff may have sustained, or physical pain suffered by reason of being ejected from the train, and if she suffered any physical pain or injury, to also consider her mental suffering and anguish occasioned as a result thereby. This is alleged to have been error

as there was no averment in the petition or any evidence upon which to base the instruction. The law has been repeatedly held to be, that where there has been no physical injury damages cannot be allowed for mental suffering and anguish. [Deming v. Railroad, 80 Mo. App. 152; Crutcher v. Railroad, 132 Mo. l. c. 319.]

The allegation of plaintiff that she suffered great physical pain by reason of being compelled to walk a long distance we believe is a sufficient allegation of physical injury. In a late case it is held that bodily suffering from being cold or wet is a physical injury. [Dye v. Railroad, 135 Mo. App. 254.] Likewise pain suffered by a woman nearly blind, by reason of a cold contracted by being compelled to walk a long distance at night we think was a physical injury. Such being the case mental suffering occasioned thereby was an ingredient in her damages. None of the authorities cited are in conflict with this theory of the case.

There was no evidence that showed that the action of the conductor who put plaintiff off the train was vindictive, violent or otherwise, and so the court ruled. But defendant claims that evidence showing how the plaintiff was treated by the conductor was prejudicial, and that the ruling of the court that plaintiff did not have any right to complain of violent or abusive treatment did not remove the vice induced by the admission of said evidence. The only statement plaintiff made was that the conductor talked "angry." There was no objection made to the introduction of this evidence. All the court could do under the circumstances was to instruct the jury that plaintiff was not entitled to punitive damages.

The defendant complains of the action of the court in not reprimanding plaintiff's counsel for certain alleged improper remarks to the jury. The counsel said, "They were insulting to the plaintiff in insisting upon putting her off the train." And further, "I say, gen-

tlemen, that a railroad official testifying on the witness stand is a different kind of an individual to a railroad official taking tickets on a train, and when the woman tells you this railroad official insulted her—" At this point counsel was interrupted by defendant objecting to the argument being used and asked the court to reprimand plaintiff's counsel and to instruct the jury to disregard what he said. The court did not respond.

The remarks of counsel to the jury were improper, especially after the court had instructed them that they could not assess any punitive damages against defendant. Its only effect could be to inflame the minds of the jury against defendant and thus to enhance the amount of the verdict. The damage to plaintiff was slight under the proof and the amount of the verdict rendered might be reasonably attributed to prejudice engendered in the minds of the jury by the inflammatory remarks of counsel, but a sense of duty compels us to say that in view of what has been said it ought not to stand. The court should at least have instructed the jury to disregard the remarks. The only way that we have of preventing such occurrences in the future is to reverse the case and remand it to be retried, so that defendant may have its case tried without prejudice. Reversed and remanded. All concur.