**WEADOCK v. DENHAM et ux.  (No. 3447.)**

Court of Civil Appeals of Texas. Texarkana. Oct. 20, 1927.

**1. Damages ⬥221—Petition for injuries sustained by occupant of automobile held to authorize submission of issue of mental pain as element of damages.**

In action for injuries sustained by occupant of automobile struck by ambulance, petition alleging that occupant suffered bruises and cut rendering it necessary that she be conveyed to hospital and receive treatment and causing great pain for three weeks and preventing her from performing household duties *held* sufficient to authorize submission of issue of mental pain as element of damages.

**2. Damages ⬥208(6)—Whether occupant of automobile struck by ambulance suffered mental pain from injuries held for jury.**

In action for injuries sustained by occupant of automobile struck by ambulance, whether occupant suffered mental pain as result of injuries *held* for jury.

**3. Damages ⬥186—Allowing husband recovery for loss of services of wife injured in automobile collision held not error, though there was no evidence of value.**

Trial court did not err in authorizing jury to allow husband damages for loss of services of wife who was injured when automobile in which she was riding was struck by ambulance, though no witnesses testified as to pecuniary value of services which wife could and would have rendered but for injuries.

**4. Appeal and error ⬥1068(4)—Instruction authorizing recovery for damage to automobile held not reversible error as submitting no measure of damages, where jury awarded sum testified to as reasonable cost of repair.**

Instruction authorizing jury to allow damages for injuries to automobile *held* not reversible error on ground that it submitted no measure of damages, where amount of damages awarded was sum which one witness testified was reasonable cost of repairing automobile.

**5. Damages ⬥208(1)—Extent of damage to automobile from collision with ambulance held for jury.**

Evidence as to what damage was caused to automobile by collision with ambulance *held* sufficient for jury.

Error from Harris County Court; Ben F. Wilson, Judge.

Action by P. O. Denham and wife against Leo H. Weadock. To review a judgment in favor of plaintiffs, defendant brings error. Affirmed.

Adams & Perkins and H. Rob Keeble, all of Houston, for plaintiff in error.

Pollard, Fisher & Gaines and Geo. C. Gaines, Jr., all of Houston, for defendants in error.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HODGES, J. The defendants in error, Denham and wife, sued and recovered a judgment against the plaintiff in error for injuries resulting from a collision between two automobiles on one of the highways leading into the city of Houston. The facts show that in November, 1925, Denham and his wife were riding in a Ford car, going toward Houston. Their car was struck by an ambulance belonging to plaintiff in error and driven by an employee. As a result of the collision the Ford car was damaged and Mrs. Denham received personal injuries. The damages claimed aggregated $958.71, but the jury allowed only $383.71. The suit was based upon negligence on the part of the driver of the ambulance.

A number of special issues were submitted to the jury, and the findings are, in substance, as follows: (1) That the collision was not an unavoidable accident. (2) That the driver of the ambulance was driving at an excessive rate of speed. That this was negligence and a proximate cause of the collision. (3) That the driver of the ambulance immediately before the collision drove to the left side of the street in an effort to pass a furniture truck going in the same direction. That this was negligence and a proximate cause of the collision. (4) That the driver of the ambulance was negligent in failing to check the speed of his car when approaching the automobile of plaintiffs. That this was negligence and a proximate cause of the injuries. (5) That the the driver of the ambulance did not exercise ordinary care in keeping a lookout for other vehicles on the road. That this was negligence and a proximate cause of the injuries. The jury found, in response to other special interrogatories, that Denham and wife were not guilty of contributory negligence.

On the issue of damages the jury found as follows: The sum of $150 for the mental and physical suffering endured by Mrs. Denham; $90 for the value of her services lost as a result of the injuries; $143.71 as damages to the Ford car. In charging upon the issue of damages the court submitted the following:

"What sum of money paid in cash now will fairly and adequately compensate plaintiffs for such injuries, if any, as you may find to have been sustained by them as the proximate result of the collision, if any, taking into consideration as elements of damages any of the following: First, pain and suffering, both mental and physical, if any, to plaintiff Mrs. P. O. Denham during the period alleged in plaintiffs' petition; second, the reasonable value of Mrs. P. O. Denham's diminished ability, or inability, if any, to perform her accustomed duties or services as a wife during the period alleged in plaintiffs' petition; third, damages, if any, sustained by plaintiffs as a direct and proximate result of the injuries, and damage, if any, to plaintiffs' automobile?"

[1, 2] It is contended by plaintiffs in error that there was neither pleading nor proof

that Mrs. Denham suffered any mental pain as a result of her injuries. In their petition the plaintiffs alleged:

"Plaintiff Mrs. P. O. Denham suffered bruises about the right arm and body; and received a deep and severe cut on her right leg just below the kneecap, by reason of which it was necessary that she be conveyed to the hospital and receive medical treatment, and on account of which she has, for a period of three weeks immediately following said injuries, suffered great pain and has been unable during said time to perform her usual and customary household duties and to render the services which she ordinarily and customarily rendered; by reason of all which plaintiffs have been damaged in the sum of $800."

Denham testified that his wife was injured in the manner alleged in the petition; that prior to the injury she performed the usual duties of keeping the house in order, doing the cooking and cleaning up. They had one child, about four years of age, which needed her attention. He did not hire any one to do the house work during that three weeks; he did it himself. His wife was not in bed during the entire three weeks. She still suffered from nervousness. Mrs. Denham testified as follows:

"With reference to the injuries I sustained, I have said that I was bruised and that my leg was cut and that I suffered pain. My injuries were of such nature that they interfered with my sleep at night. For two weeks after the accident I slept very little at night. I was sore from being hit on the right-hand side. I was sitting on the right-hand side of our car, and the ambulance hit that side. * * * I would have to turn continuously through the night, and in my sleep at any time I would awaken I would hear that awful crash and I would jump in the night, and that would also hurt my leg because my leg was very sore; I could hardly move it for two weeks after the wreck."

She further testified that during that time she suffered great pain. We think both the averments of the petition and the testimony justified the court in submitting the issue of mental pain as an element of damage. Wright et al. v. Compton, 53 Ind. 337; Ousley v. Hampe, 128 Iowa, 675, 105 N. W. 122; Gronan v. Kukkuck, 59 Iowa, 18, 12 N. W. 748; Ft. Scott, W. & W. Ry. Co. v. Lightburn, 9 Kan. App. 642, 58 P. 1033; Louisville & N. R. Co. v. Dickey (Ky.) 104 S. W. 329; Tyson v. Booth, 100 Mass. 258; Truel et al. v. M., K. & T. R. Co., 143 Mo. App. 380, 128 S. W. 223; Fink v. Busch, 83 Neb. 599, 120 N. W. 167; Caldwell v. Central Park, N. & E. R. R. Co., 7 Misc. Rep. 67, 27 N. Y. S. 397; McCoy v. Milwaukee, St. Paul Ry. Co., 88 Wis. 56, 59 N. W. 453; Ryan v. Oakland Gas, Light & Heat Co., 21 Cal. App. 14, 130 P. 693; Nashville, C. & St. Louis Ry. Co. v. Miller, 120 Ga. 453, 47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210.

[3] The charge quoted was also objected to

upon the ground that it allowed a recovery of damages for the loss of services of Mrs. Denham, when there was no evidence of the value of such services. It is true no witness testified as to the pecuniary value of the services which Mrs. Denham could and would have rendered but for her injuries. However, this must be looked upon as a suit by the husband for the value of the loss of the services of the wife in the performance of the usual domestic duties which a wife renders. Under a rule announced by our Supreme Court and followed in other cases proof of the value of such services is not required as a basis for the recovery of damages for their loss. G. H. & W. Ry. Co. v. Lacy, 86 Tex. 244, 24 S. W. 269; City of Fort Worth v. Weisler (Tex. Civ. App.) 212 S. W. 281, and cases there referred to.

[4, 5] A third objection was made to the charge because it authorized the jury to allow damages to the Ford automobile and nowhere submits any measure of damages, and, further, that there was no evidence that authorized the finding of damages. One witness testified that the reasonable cost of repairing the Ford car would be $143.71. Another testified to a less amount. There is no complaint that the allowance for repairs was excessive.

The judgment is affirmed.