THE PENNSYLVANIA RAILROAD COMPANY

*v.*

WILLIAM J. CONNELL.

*Filed at Ottawa January 25, 1889.*

1. MEASURE OF DAMAGES—*ejecting passenger from railway car.* A passenger who has rightfully bought a through coupon ticket over several lines of railroad, which is refused on one of the connecting roads, and is expelled on refusal to pay fare, will be entitled to recover of the company from whose car he was expelled, the cost of a ticket from the place he was ejected to the place of destination. He is also entitled to recover such damages as he may have sustained on account of the delay occasioned by the expulsion, and all additional expenses necessarily incurred thereby, as well as reasonable damages for the indignity to which he was subjected in being expelled from the train ; and if the conductor or brakeman, in a reckless and wanton manner, used more force than was reasonably necessary for the purpose of ejecting him, and in consequence of such excessive force the passenger was injured, it will be proper to give him such damages therefor as will fully compensate him for injuries resulting directly from the use of such excessive force.

2. Evidence—*opinion of witness—as to meaning of telegram.* What was meant by the language of a telegram is not a question to be determined by the opinions of witnesses, and a question calling for such opinion is properly suppressed.

3. Same—*relevancy and materiality.* On the trial in an action to recover for personal injury to the plaintiff, a physician who had treated plaintiff was called to testify on the question of the extent of the injury. During his examination he was asked "if he was the same gentleman who treated the bomb-struck policemen:" *Held*, that the answer to the question would not have added any force to the witness' testimony, nor was it at all material.

4. Instruction—*to be based on evidence.* On the trial of an action by a passenger against a railway company, to recover damages resulting from his expulsion from the cars, if there is no proof tending to show that the expulsion was willful or wanton, it will be error to give an instruction to the jury laying down the measure of recovery if they find that the conduct of the conductor or brakeman was wanton or willful, otherwise if there is evidence tending to show willfulness, though it may be slight.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.

Mr. George Willard, for the appellant:

When a ticket agent wrongfully, but acting in good faith, sells a certain kind of ticket, which, under the rules of the company, can not be received by the conductor; may the passenger, having it reasonably within his power to pay a cash fare, but, acting in good faith, refuse the conductor's *bona fide* request for such payment, and recover damages on account of delay occasioned by his expulsion from the train, no unnecessary force being used? The court below ruled that damages might be recovered. That ruling is contrary to the decisions in the following cases: *Railroad Co.* v. *Finnigan*, 21 Ill. 646; *Williams* v. *Coal Co.* 60 id. 149; *Dobbins* v. *Duquid*, 65 id. 464; *Railroad Co.* v. *Griffin*, 68 id. 499; *Railroad Co.* v. *Eddy*, 72 id. 138; *Railroad Co.* v. *Hall*, 9 A. & E. 349; *Sutherland* v. *Wyer*, 67 Me. 64; *Miller* v. *Mariners' Church*, 7 Greenlf.

51; *Hamilton* v. *McPherson*, 28 N. Y. 72; *Dillon* v. *Anderson,* 43 id. 231; *Townsend* v. *Railroad Co.* 56 id. 295; *Chamberlain* v. *Morgan*, 68 Pa. St. 168; *Rexter* v. *Starin*, 73 N. Y. 601; *Loker* v. *Damon*, 17 Pick. 284; *French* v. *Vining*, 102 Mass. 132; *Bradshaw* v. *Railroad Co.* 135 id. 407; *Mather* v. *Butler,* 28 Iowa, 253; *Simpson* v. *Keokuk*, 34 id. 568; *Alexander* v. *Railroad Co.* 37 id. 264; *Beymer* v. *McBride*, id. 114; *Little* v. *McGuire*, 43 id. 447; *Keys* v. *W. Vt. S. Co.* 34 Vt. 81; *Hitchcock* v. *Hunt*, 28 Conn. 343; *Waters* v. *Brown*, 44 Mo. 302; *Wing Chang* v. *Mayor*, 47 Cal. 531; *Gilbert* v. *Kennedy*, 22 Mich. 117; *Wards* v. *Elkins*, 34 id. 217; *Frederick* v. *Railroad Co.* 37 id. 342; *Railroad Co.* v. *Pierce*, 47 id. 277; *Gordon* v. *Brewster*, 7 Wis. 355; *Yorton* v. *Railroad Co.* 54 id. 234; *Railroad Co.* v. *Ragsdale*, 46 Miss. 458.

It was error to give an instruction which had no proper foundation in the evidence. *Railroad Co.* v. *Patterson*, 63 Ill. 304; *Sewing Machine Co.* v. *Layman*, 88 id. 39; *Railroad Co.* v. *Harwood*, 90 id. 425; *Insurance Co.* v. *McKee*, 94 id. 494; *Stern* v. *People*, 102 id. 540.

Mr. SIDNEY SMITH, Mr. J. W. HYNES, and Mr. JOHN I. REDICK, for the appellee.

Per CURIAM: This was an action brought by William J. Connell, against the Pennsylvania Railroad Company, to recover damages for an alleged assault and expulsion from one of defendant's trains at Taconey, Pennsylvania, on the 16th day of December, 1880. On the first trial of the cause the plaintiff recovered a verdict and judgment for $15,000. The judgment, on the appeal of the defendant, was reversed in this court October 31, 1884, and the cause was remanded for another trial. (See *Pennsylvania Railroad Co.* v. *Connell*, 112 Ill. 295.) After the cause was remanded, another trial was had, resulting in a judgment in favor of the plaintiff for $7000, which, on appeal, was affirmed in the Appellate Court. To

reverse the judgment of the Appellate Court, the railroad company took this appeal.

In the opinion heretofore filed will be found a substantial statement of the facts. No further statement is deemed necessary to a proper understanding of the case. We will therefore proceed to consider the questions of law relied upon to reverse the judgment.

In the plaintiff's seventh instruction, the jury were, in substance, directed, that if they found the issues for the plaintiff, in fixing the amount of damages it would be proper to allow the plaintiff the cost of a ticket from Taconey to New York, and such damages as he sustained on account of the delay occasioned by being required to leave the train; and if the conductor or brakeman, in a reckless or wanton manner, used more force than was reasonable and necessary for the purpose of ejecting him, and in consequence of such excessive use of force plaintiff was injured, it would be proper to allow such damages as would fairly compensate him for injuries which resulted directly from such excessive force; that if the acts of the conductor in refusing plaintiff's ticket, demanding fare and ejecting him from the car, were willful, wrongful and malicious, and the plaintiff suffered indignity and injury thereby, damages may be allowed for such acts. This charge to the jury, it is claimed, was erroneous. We do not concur in that view. We think the instruction was fully warranted by what was said in the opinion when the case was here before. In speaking upon this branch of the case, it was said: "We entertain no doubt that appellee was entitled to recover the amount of the cost of a ticket from the place at which he was ejected from the cars, to New York. He was also entitled to recover such damages as he sustained on account of the delay occasioned by the expulsion, and all additional expenses necessarily occasioned thereby, as well as reasonable damages for the indignity in being expelled from the train; but we perceive no ground upon which he can recover for personal injuries

received, unless the expulsion was malicious or wanton." The charge to the jury was doubtless prepared in view of what the court had previously said, and in all its essential features it conforms to the opinion when the case was first before us.

It is also urged as an objection to the seventh instruction, that it submits to the jury, as a ground for the assessment of damages, whether the acts of the conductor were willful or wanton, when there was no evidence upon which that question could properly be submitted. If there was no evidence whatever tending to prove willful or wanton conduct on the part of those in charge of the train, an instruction submitting that question to the jury might be regarded as erroneous, as the instructions to a jury should be predicated upon the evidence. In the Appellate Court, where the evidence in all cases is reviewed and passed upon, in remarking upon the evidence, it is said: "It was an appropriate question for the jury, under all the evidence, whether the force used by the servants of appellant in ejecting appellee, was unjustifiably violent and excessive, and whether such injuries as he sustained during the expulsion were wantonly and maliciously inflicted. The evidence tended to show that appellee received injuries from which serious results followed, and while there is some conflict as to what was said and done by the conductor prior to and during the expulsion, we can not say that the conclusion reached by the jury is without support in the evidence." We have examined the evidence as it now appears in the record, and while it may be slight, we are not prepared to hold that the Appellate Court has placed an incorrect construction upon it.

It is also claimed that plaintiff's third instruction allowed the jury to assess plaintiff's damages without reference to the evidence. This is a misapprehension of the language of the instruction. We have examined it closely, and find nothing in it which would, by any reasonable construction, authorize the jury to make any finding which was not founded upon the evidence.

Two questions are raised in reference to the ruling of the court, during the trial, on the evidence. One of defendant's witnesses was asked how the Baltimore and Ohio company would "protect," as provided in its telegram of December 2 to the Wabash. The court held that the answer to the question would simply be calling for the judgment of the witness as to the meaning of a statement made by a third party to appellant's agent, and that it was incompetent. We think the ruling of the court correct. What was meant by the language of the telegram was not a question to be determined by the opinions of witnesses.

One other question propounded to a witness was objected to, and the objection sustained. While Dr. Lee was being examined, he was asked "if he was the same gentleman who treated the bomb-struck policemen." We do not think the answer to the question would have added any force to the evidence of the witness, nor was it at all material.

On the motion for a new trial, defendant asked leave to file certain affidavits, which was denied by the court. One of the affidavits purported to show what was said by counsel for plaintiff to the jury in his closing address. As no objection whatever was made to the remarks of counsel, we are unable to see what benefit defendant could derive by showing what was said. As to the other affidavits, the court made a statement in the bill of exceptions, which covered substantially all they contained. We do not think the court erred in refusing leave to file the affidavits or in denying a new trial.

The instructions given by the court on behalf of the defendant fully and clearly laid down the law as declared by this court when the case was first before us.

The evidence introduced on the trial can not be reviewed here, and as the record discloses no substantial error of law, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*