# North Chicago Street Railroad Company
## v.
## Adelbert W. Olds.

40  421
60  573
40  421
64  598
40  421
165s 473
40  421
82  476

*Street Railroads—Personal Injuries—Expulsion from Car—Resistance—Evidence—Damages.*

1.  A person who steps upon a car after having been once put off, is a trespasser.

2.  There can be no recovery in such case where such person is ejected a second time without the use of unnecessary force, and suffers an injury therefrom.

3.  A passenger's right to ride in a public conveyance can not be enforced *vi et armis.* The remedy of the person aggrieved is by a civil action.

[Opinion filed April 8, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. W. B. Keep and Edmund Furthmann, for appellant.

Messrs. Willett & Johnson, for appellee.

Gary, J.   This is an action by the appellee against the appellants to recover damages for an expulsion from their car, and for personal injury received from the force used in expelling him.

He was twice, within a minute or two, expelled from the same car; the first time without injury, the second time with only such injury as, from his own testimony, appears to have been the necessary result of such force as was essential to loosen his grasp upon a rod, which was part of the car, and to which he was holding with all his strength.   That grasp was so firm, that in loosening it the conductor broke one of the fingers of the appellee, and the jury awarded him $2,500, for which judgment was entered.

This is not a case of negligent or wanton injury, as in C.,

M. & St. P. v. West, 125 Ill. 320; North C. C. Ry. v. Gastka, 27 Ill. App. 518, and Chi. C. Ry. v. Pelletier, 134 Ill. 120. The appellee brought the injury upon himself by resistance.

Had the injury been received in the first expulsion, the question whether that was wanton or malicious, and so justify large damages under the principles laid down in Pennsylvania Co. v. Connell, 112 Ill. 295, and 127 Ill. 419, would have been in the case. The injury was not so received. Having been once put off, he knew that the conductor of that car would not let him ride. He says he was angry. For refusal to carry him, if unjustifiable, he had his action, but he had no legal right to use force to compel the company to carry him. The license implied by law for persons to get upon a street car, had been, as to him and that car, revoked.

In attempting to compel the company to carry him he was himself a trespasser. Burton v. Scherpf, 1 Allen, 133; McCrea v. Marsh, 12 Gray, 211; Wood v. Leadbitter, 13 M. & W. 838; Commonwealth v. Power, 7 Metc. 596; Harris v. Stevens, 31 Vt. 79.

The appellee had no right of property or interest in the car; that, and the authority to control it, belonged to the company. They owed a duty to the public, a refusal to perform which, would subject them to an action. Out of that duty sprang a license to every person, having no notice to keep off, to go upon the cars; but with such notice the license was withdrawn; whether rightly or wrongly withdrawn, it could not be enforced *vi et armis*. The remedy of any person aggrieved was by action, if the revocation was unjustifiable.

The language of the Supreme Court in C., B. & Q. R. R. v. Griffin, 68 Ill. 499, is applicable here.

"The conductor must necessarily have the supervision and control of the train, otherwise there would be no protection to the lives or comfort of the public travel. If he abuses his trust, or for any gross misconduct on the part of himself or other employes toward passengers, the company will be responsible. The law requires the highest degree of care on the part of all railroad employes on passenger trains, for the comfort and safety of the passengers. It is incumbent on

North Chicago Street R. R. Co. v. Olds.

them to be civil and decorous in their conduct toward them. But like responsibilities rest upon passengers. They must observe proper decorum and be submissive to all reasonable rules established by the company. The law will not permit a passenger to interpose resistance to every trivial imposition to which he may really feel, or imagine himself exposed by the employes, that must be overcome by counter-force in order to preserve subordination. It is due to good order and the comfort of the other passengers that he should submit, for the time being, and redress his grievances, whatever they may be, by a civil action. A party will be entitled to quite as much damage for any wrong or injury quietly endured, as if violently resisted; indeed, the policy of the law ought to be to award him a higher measure of damages. Whatever personal injuries may result from his violence, should be attributed to his own want of subordination, for which the law will afford him no redress. He has no more lawful right to redress by his own strong arm what he may deem an annoyance committed by a railroad employe, than he has to resist in like manner any other supposed invasion of his convenience or rights. The courts afford opportunity to redress every civil injury, no matter what its character, and the party must pursue the remedy given by law."

The sentences following what is quoted have no application to the circumstances in this case.

The defense of the company, supported by much, if not preponderating evidence, was that the appellee was drunk. Between other parties than an individual and a railroad, the jury would probably have so found; but in answer to a special question whether he was drunk, they said "No, not *objectionably* so," which goes a good way toward satisfying any unprejudiced reader that he was in a condition to be a very undesirable next neighbor in a public conveyance.

On the whole case, the appellee, if no unnecessary force was used on the second expulsion, is not entitled to recover for being so expelled. For the first expulsion, however unjustifiable, $2,500 damages are grossly excessive.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*