## INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* LOCKMAN, BY NEXT FRIEND.

[No. 7,364. Filed December 20, 1911.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not argued are waived. p. 144.

2. CARRIERS. — *Passengers.* — *Establishment of Relation.* — *Street Railways.*—A person cannot become a passenger on a street car without the company's consent. p. 145.

3. CARRIERS.—*Repeatedly Ejecting Passengers.*—*Damages.*—Where a passenger on a street railway, after paying his fare, was wrongfully ejected from the car and he immediately returned and was forcibly ejected a second time, and he returned again and was struck by the conductor, he may recover damages for the entire misconduct, the relation of carrier and passenger never having terminated. pp. 146, 150.

4. CARRIERS.—*Passengers.*—*Severance of Relation.*—*Street Railways.*—A passenger who voluntarily leaves a street car thereby ceases to be a passenger thereon. p. 150.

5. CARRIERS.—*Trespassers.*—*Street Railways.*—*Remedy.*—One who enters a street car and refuses to pay his fare becomes a trespasser; and he may be removed therefrom without liability, provided unnecessary force is not used. p. 150.

6. CARRIERS.—*Passengers.*—*Misconduct.*—*Street Railways.*—A passenger upon a street car who is guilty of misconduct thereon, may be expelled from the car. p. 150.

7. APPEAL.—*Affirmance.*—*Damages.*—Where an unmeritorious appeal is taken the judgment appealed from may be affirmed with damages. p. 150.

From Superior Court of Marion County (75,992); *Clarence E. Weir,* Judge.

144    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. v. Lockman—49 Ind. App. 143.

Action by William S. Lockman against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.

*Averill & Collins,* for appellee.

ADAMS, J.—Action by appellee, a minor, against appellant, to recover damages for being wilfully, maliciously and wantonly injured by being ejected from appellant's street-car by appellant's employes, acting within the scope of their employment, after he had paid his fare, and become a passenger.

A demurrer to the complaint was overruled. There was an answer in denial, and a second paragraph of answer, alleging that appellee refused to pay fare on demand, and was thereupon ejected from the car, no unnecessary force being used. There was a reply in denial to the second paragraph of answer. A trial by jury resulted in a verdict for appellee in the sum of $475. A motion for a new trial was overruled, and judgment was rendered on the verdict for the amount thereof.

The errors relied on for reversal are (1) overruling the demurrer to the complaint, and (2) overruling the motion for a new trial. The first error assigned is waived by failure to argue. The motion for a new trial calls in question the sufficiency of the evidence to sustain the verdict, and the error of the court in giving certain instructions and in refusing to give certain other instructions requested.

The facts fairly shown by the evidence are as follows: Appellee, a boy eighteen years of age, boarded one of appellant's street-cars in the business district of the city of Indianapolis for the purpose of being carried on said car to Twenty-fifth street in said city. After the car had proceeded one square, the conductor demanded and received from appellee the regular fare, which entitled appellee to

be carried to his destination. As the car approached Pratt street, the conductor again demanded a fare from appellee, which he refused, and explained that he had already paid his fare, and named the point where it had been paid. This was denied by the conductor, and appellee was ejected from the car, no unnecessary force being used. When the car started, appellee again got on, and was ordered off by the conductor, but refused to go. Thereupon the conductor, assisted by the motorman, seized appellee, and threw him face forward on the paved street. When he attempted to get on the car again, the conductor struck him in the face, and after getting on the rear platform the conductor struck him again in the face, but made no further effort to put him off. As a result, appellee's clothes were torn and dirty, his face was bruised and covered with blood, and he was otherwise injured. He was only detained at home about two hours on account of his injuries, but the bruises and contusions on his face remained for two weeks.

Appellant requested the court to instruct the jury that when a street railway company ejects a man from its car, and thereby, or in any other manner, informs him that he cannot ride on such car, and that he will not be received thereon as a passenger, it becomes the duty of such man to remain off the car; that if his rights have been invaded by such refusal, the law gives him a remedy, and he has no right to attempt, by force, to enter such car, over the express orders of the company; that when a man is ejected from a car, and is safely upon the ground, and is physically separated from the car, the relation of passenger and carrier ceases, and he cannot reëstablish such relation simply by deciding in his own mind that he will again get on the car and pay his fare. A man cannot become a passenger 2. on a car without the consent of the company operating it, and where said company expressly refuses to consent, and orders him to remain off the car, or where he

146    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. v. Lockman—49 Ind. App. 143.

is on the car in violation of orders, he does not become a passenger.

The court refused to give such instructions, but did instruct the jury, after stating the contention of appellant, as above set out, that when a man is rightfully a 3. passenger on a street-car, and is forcibly ejected, and where he immediately gets on the car, without having done any act indicating his intention to abandon passage thereon, he continues to be a passenger, although he may have been physically separated from the car against his will and by force.

The court also instructed the jury that if it found for the plaintiff, in estimating his damages it would be proper to take into consideration any inconvenience to which he may have been put by reason of being ejected from such car, any mental distress, physical pain, humiliation or disgrace which he may have suffered, if any was shown by the evidence, and from the facts and circumstances, assess such damages as would fully compensate him for the injury sustained.

The appellant urges that the instructions of the court on the subject of damages were erroneous, and insist that although appellee was unlawfully put off the car, his recovery must be limited to the injury growing out of the first expulsion. While many reasons for a new trial are given and argued, the important and controlling question presented by this appeal relate to the giving and the refusing to give instructions as before noted.

We have not been referred to any adjudicated case, wherein the facts are identical with the facts in this case, but there are some general principles which we think apply in this case.

In Lawson, Bailments §258, it is said: "Where the conductor or other servants of the carrier have no authority to expel the passenger, or attempt to expel him in an improper manner, or at an improper place, he has a right to

NOVEMBER TERM, 1911. 147

Indianapolis Traction, etc., Co. v. Lockman—49 Ind. App. 143.

resist the attempt, and resistance may be lawfully made to such an extent as may be essential to maintain this right."

In the case of *Brown* v. *Memphis, etc., R. Co.* (1881), 7 Fed. 51, 65, it was insisted, as in this case, that a passenger has no right to resist ejection, although, unlawful, but must submit and seek redress elsewhere. The court held that the cases cited place the duty of submission on the ground that the command to leave the conveyance is rightful. The court said: "How far a passenger, in defense of his right to remain, may carry his resistance, may be doubtful; but absolute submission is not his duty by any means, and lawful resistance does not preclude the right of recovery."

In the case of *Hufford* v. *Grand Rapids, etc., R. Co.* (1884), 53 Mich. 118, 18 N. W. 580, Cooley, C. J., speaking for the court, said that it was profitless and unadvisable for a passenger to enter into a contest with a conductor over a ticket which the conductor considered not good, but the court added: "We are all of the opinion that if the plaintiff's ticket was apparently good, he had a right to refuse to leave the car."

In the case of *English* v. *Delaware, etc., Canal Co.* (1876), 66 N. Y. 454, 456, 23 Am. Rep. 69, the court said: "The judge was also clearly right in charging, in response to this proposition, that if the plaintiff was lawfully there he had a right to resist the conductor in removing him, and his resistance could not be urged against his right to recover damages. When a conductor is in the wrong the passenger has a right to protect himself against any attempt to remove him, and resistance can lawfully be made to such an extent as may be essential to maintain such right." In the same case, at page 458, the court said: "We are referred to the case of *Townsend* v. *New York, etc., R. Co.* [1874], 56 N. Y. 295, 15 Am. Rep. 419, as authority for the doctrine that no one has a right to resort to force for the performance of a contract made with him by another. In that case the passenger had surrendered his ticket to a conductor

148    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. v. Lockman—49 Ind. App. 143.

of another train upon which he had been traveling, and had no lawful right to ride with a new conductor who had no knowledge that he had a ticket and who was bound by one of the rules of the company to eject him if he failed to show his ticket or to pay his fare when demanded. While the remarks in the opinion of the learned judge, embracing the proposition referred to, might be entirely appropriate in that case, it cannot be urged, upon any rational hypothesis, that they have any application whatever where the conductor was wrong and acted in violation of law. In the latter case the passenger could not be regarded as resorting to force to enforce a contract while he was merely resisting an unauthorized assault upon his person and an unjustifiable invasion of his rights.''

The position taken by appellant is that even if appellee was lawfully on the car, when ordered by the conductor to leave, it was his duty to obey, and look to the courts for redress. Appellant also contends that if the expulsion of appellee from the car was unlawful and wrongful, his recovery must be limited to the damages arising from the first expulsion, and that he is not entitled to any relief for subsequent injuries.

In support of these propositions, counsel for appellant direct our attention to the case of *North Chicago St. R. Co.* v. *Olds* (1891), 40 Ill. App. 421, in which the court said: ''Had the injury been received in the first expulsion, the question whether that was wanton and malicious, and so justify large damages under the principles laid down in *Pennsylvania R. Co.* v. *Connell* [1884], 112 Ill. 295, 54 Am. Rep. 238, and *Pennsylvania R. Co.* v. *Connell* [1889], 127 Ill. 419, 20 N. E. 89, would have been in the case. The injury was not so received. Having been once put off, he knew the conductor of that car would not let him ride. He says he was angry. For refusal to carry him, if unjustifiable, he had his action, but he had not legal right to use force to compel the company to carry him. The license

implied by law for persons to get on a street-car, had been, as to him and that car, revoked."

We think a better rule is announced in the cases hereinbefore cited. So far as the holding indicates that persons who get upon street-cars are mere licensees, we unqualifiedly withhold our sanction. One who goes upon a street-car in active service of carrying passengers for hire, at a place where passengers are regularly received, for the purpose of being carried to a certain place, for a consideration, is there by the invitation of the company, and the company is not at liberty arbitrarily to expel him when he is not at fault; and after the relation of carrier and passenger has been consummated by the payment and acceptance of the regular fare, the company is bound to carry him safely and deliver him at his destination, and has no right to expel him from the car, if he is guilty of no misconduct.

In the case of *North Chicago St. R. Co.* v. *Olds, supra,* the opinion discloses that the defendant was intoxicated, and, according to all the authorities, he had, therefore, forfeited his right to be carried, and the company was free to rescind its contract with him, and to expel him from its car. It also appears that the jury returned a verdict for $2,500, damages, which in the opinion of the court was excessive.

Other cases by the courts of Illinois are cited by appellant, but are based on facts showing either misconduct of the passenger, or the error of the passenger in presenting a disputed ticket. We do not find the facts in any case cited to be the same as in the case before us.

Counsel for appellant are right in stating that a contract cannot be enforced *vi et armis,* but we do not find anything in the evidence indicating that appellee sought by force to enforce a contract to be carried to his destination. After being ejected in the first instance, he again got on the car, as was his right, without any force, and remained on the car, without the use of aggressive force, resisting by simply holding to the rail.

150    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Lockman—49 Ind. App. 143.

We also agree with counsel for appellant that when a passenger upon a street-car leaves the car, and becomes physically separated therefrom, the relation of passenger and carrier ceases to exist, but the leaving must be the voluntary act of the passenger. It is also true that where a passenger refuses to pay the regular fare, the relation of passenger and carrier is not created, and the persón thus refusing is a trespasser, may be ejected from the car, and is without remedy if no unnecessary force is used. Where a passenger has paid his fare, and has become a passenger, he may, by his own misconduct, justify the carrier in rescinding the contract of carriage, and in expelling him; but it cannot be said that one who has paid his fare and has thus become a passenger, and is entitled to be carried to his destination, and who has not been guilty of any misconduct, can have his contract of carriage arbitrarily rescinded.

The evidence in this case discloses that appellee paid his fare, and was guilty of no misconduct. Appellant had contracted to carry him safely to his destination, not generally, but on the particular car on which he took passage. If appellant's agents, under a mistaken impression, ejected him, that did not relieve the appellant of its contract, nor deny appellee the right to go immediately upon the car, without using force. There was an element of brutality in the treatment of appellee, who was a mere boy, by appellant's agents, in throwing him violently on the pavement, and in subsequently striking him in the face, for no apparent reason.

7.    There is no merit in this appeal, and the judgment is affirmed with ten per cent damages.