## CAPITAL TRACTION COMPANY *v.* MORGAN.

---

PLEADING; TRIAL; CARRIERS; STREET RAILROADS; ASSAULT; INSTRUCTIONS
TO JURY; DAMAGES.

1. In an action against a street railway company by a former passenger in one of its cars, for an assault committed upon him by the motorman

---

Note.—As to liability of carrier for assaults by employees upon passengers, see notes to *Davis* v. *Houghtelin,* 14 L.R.A. 738; *Daniel* v. *Petersburg R. Co.* 4 L.R.A.(N.S.) 485; *Houston & T. C. R. Co.* v. *Bush,* 32 L.R.A. (N.S.) 1201; and *St. Louis, I. M. & S. R. Co* v. *Jackson,* L.R.A. 1915E, 668.

in dragging him to the front of the car from a position in the aisle where he was standing, where the defendant files a plea alleging that when the motorman laid hands upon the plaintiff, and re-moved him from his position in the aisle of the car, the plaintiff was blocking the passage of other passengers forward, and the plain-tiff joins issue on the plea, the evidence by the plaintiff will not be confined to the single question of justification, but he may show the facts and circumstances surrounding the alleged assault.

2. Where the plaintiff in an action against a street railway company for an assault by a motorman of the defendant, who forced the plaintiff from a position in the aisle of the car where he was standing, to a position in the forward part of the car, testified that after the mo-torman released him he returned to his former position, whereupon his counsel moved to strike out that statement, it was held not error for the trial court to grant such motion over the objection of the defendant,—especially where the defendant's witnesses afterwards testified without objection to the same effect.

3. While the duty of a common carrier of passengers may not be abridged by its rules and regulations, such a carrier may make and enforce reasonable rules and regulations having for their object the safety and comfort of the traveling public.

4. In an action by a former passenger of a street railway company against the company for an alleged assault committed by the motorman of the car in which the plaintiff was riding, in forcing the plaintiff from a position in the aisle where he was standing to the front of the car, it is not error for the trial court to charge the jury, at the plaintiff's request, that if they believe from the evidence that the position the plaintiff occupied in the car did not block the aisle or obstruct other passengers from freely passing the plaintiff, the de-fendant had no right to drag or require the plaintiff to move from the place he occupied to another part of the car, and that if they find that the plaintiff was not committing a breach of the peace or obstructing the aisle, and the motorman took hold of him and pulled or dragged him through a portion of the car, they should find for the plaintiff.

5. Where a motorman on a street railway car dragged a passenger from a position in the aisle of the car where the passenger was standing to the front part of the car, on the claim that he was obstructing the aisle and preventing the passage of other passengers, it is proper for the trial court, in an action by the passenger against the railway company, to instruct the jury that if they find for the plaintiff they should consider the injured feelings of the plaintiff, the indignity endured, the humiliation, wounded pride, mental suffering, and the

like, and to allow such sum as the jury might think proper, not exceeding the amount named in the declaration.

6. *Semble:* Mental suffering unaccompanied by physical injury may form the basis of damages.

No. 2837.   Submitted November 5, 1915.   Decided December 6, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for an alleged assault.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff, William A. Morgan, appellee here, in the Supreme Court of the District for $1,000 damages in an action for an assault of the plaintiff by a motorman of the defendant, Capital Traction Company, while plaintiff was a passenger on one of defendant's cars.

The first count of the declaration is in trespass on the case. In it plaintiff alleges that he boarded one of defendant's cars at the Aqueduct Bridge for the purpose of riding to the corner of Seventeenth Street and Pennsylvania Avenue, N. W., obtained a seat, and paid his fare; that it was "the duty of the defendant to use due and proper care to protect the plaintiff whilst he was a passenger on its said car against all injury, violence, insult, and ill treatment at the hands of its servants, agents, or employees;" that, in disregard of this duty, "the motorman operating the said car of the said defendant violently, wantonly, and maliciously, and with force and arms, and in the presence of a large number of passengers, assaulted the plaintiff, the plaintiff being then, as aforesaid, a passenger on said car, and the said motorman being an agent, servant, or employee of the said defendant, and said motorman did then and there seize the plaintiff by the neck and arm, and drag the plaintiff violently to the front platform of the car, whereby, and by reason of which, the plaintiff's clothing was soiled, torn, and damaged, his body bruised and injured, and he was publicly

exposed to humiliation, mortification, indignity, and disgrace in the eyes of the passengers with which said car was crowded, and did then and there suffer, and since has suffered, great mental anguish by reason of the injury to his feelings caused thereby." In the second count the same facts are set forth, but the plaintiff there relies upon an implied promise of the defendant to carry him to his destination, and asks damages for the breach of that promise.

To this declaration the defendant filed a plea of the general issue, and a special plea in confession and avoidance. In the latter plea the defendant admitted that plaintiff had become a passenger, as alleged in the declaration, and that the motorman had laid hands upon him and removed him from a position in the narrow part of the aisle of the car which he had assumed, and where he "was blockading the passage of other passengers forward," the motorman using no more force than was necessary. Issue was joined upon this plea, and a trial followed.

The plaintiff's evidence was in substance as follows: After surrendering his seat to a lady he moved forward and grasped the brass handle on the first cross seat near the front, on the left-hand side of the car. In this type of car there is an open space in the front and rear, and a series of cross seats on either side of the middle portion of the car. The car kept filling up, and people were in front of him (in the open space), hanging on the straps, and behind him, hanging on the brass handles on the ends of the seats. There was plently of room for people to pass him, as he was very close to the seat. The motorman called "Up front" several times, but plaintiff paid no attention to the call. Finally, the motorman "jumped back and grabbed plaintiff around the neck with his left hand; plaintiff had a collar on, which the motorman greased up with his gloves; the motorman grabbed plaintiff with his right hand around both of plaintiff's hands, and put his left hand around plaintiff's neck, and dragged him to the front, and said 'You will stand there, won't you.'" Nine witnesses, all of whom were passengers on the car at the time in question, gave evidence tending to prove that plaintiff was not blocking the

aisle. The evidence of these witnesses as to the assault was in substantial accord with that of the plaintiff.

The conductor and motorman of the car, testifying for the defendant, stated that the back part of the car was very crowded, but "there were not very many people up front;" that the plaintiff was asked to move out of the aisle to let people pass through; that upon his refusal to move, the motorman forcibly broke his hold of the car seat, "and pushed him up to the front of the car, and left him standing there in the front of the car. * * * That thereupon plaintiff immediately went back and took the same position he had formerly occupied in the aisle;" that while plaintiff was standing in this position in the center of the aisle, "no one could pass him unless they pushed past him;" that conductors and motormen "had verbal instructions from the company to keep the aisles clear as far as possible, so passengers could pass through the car."

At the request of the plaintiff the court instructed the jury that if they believed from the evidence that the position the plaintiff occupied in the car "did not block the aisle of the same, or obstruct other passengers from freely passing the plaintiff, that then the defendant company had no right to direct or require the plaintiff to move from the place he occupied to another place in said car." To this the defendant objected upon the ground, among others, that the defendant, whenever it might be necessary to relieve or mitigate the crowded condition of a car, could require a passenger to move forward, "so as to distribute the crowd in the car." The court further instructed the jury, over the objection and exception of the defendant, that if they found that the plaintiff was not committing a breach of the peace or obstructing the aisle of the car, and the motorman took hold of him and pulled or dragged him through a portion of the car, they should find for the plaintiff. Further objection was made to an instruction which authorized the jury, in fixing the amount of the damages in case they found for the plaintiff, "to consider the injured feelings of the plaintiff, the indignity endured, the humiliation, wounded pride, mental suffering, and the like, and to

allow such sum as the jury may think proper," not exceeding the amount named in the declaration.

The court further instructed the jury that the employees of the defendant had a right to require plaintiff to move forward in the car in order to make room for other passengers, and to relieve the crowded condition of the aisles, provided the jury should find that it was necessary to do this to accomplish the result sought, and that if they should find that the plaintiff declined and refused to obey the request or demand that he move forward, if necessary as above stated, the motorman was justified in using such force as was necessary, and the verdict should be for the defendant.

*Mr. G. Thomas Dunlop,* for the appellant, in his brief cited:

*Abell Co.* v. *Ingham,* 43 Wash. L. R. 354; *Allison* v. *Chandler,* 11 Mich. 542; *Baldwin* v. *Webb,* 121 Ga. 416; *Batterson* v. *Chicago, etc., R. Co.* 49 Mich. 184, 13 N. W. 508; *Boogher* v. *Bryan,* 9 Mo. App. 592; *Brown* v. *Emerson,* 18 Mo. 103; *Burns* v. *Campbell,* 71 Ala. 271; *C. B. & O. R. R.* v. *Parks,* 18 Ill. 460; *C. & O. R. Co.* v. *Spiller,* 157 Ky. 222, 50 L.R.A.(N.S.) 394, 30 S. W. 574; *C. R. I. & P. R. Co.* v. *Caulfield,* 11 C. C. A. 552, 27 U. S. App. 358, 63 Fed. 396; *C. R. I. & P. R. Co.* v. *Moss,* 89 Ark. 187; *C. St. L. & P. R. Co.* v. *Butler,* 10 Ind. App. 244; *Central of Ga. R. Co.* v. *Motes,* 117 Ga. 923, 62 L.R.A. 507; *Chicago, etc., R. Co.* v. *O'Connell,* 46 Kan. 581, 26 Pac. 947; *Chicago, etc., R. Co.* v. *Jackson,* 55 Ill. 492, 8 Am. Rep. 661; *Chicago City R. Co.* v. *Cooney,* 96 Ill. App. 176; 1 Chitty, Pl.; *Elgin* v. *Nofs,* 96 Ill. App. 291, reversed (1902) 200 Ill. 252, 65 N. E. 679; *Claybrook* v. *H. & St. J. R. Co.* 19 Mo. App. 432; *Cole* v. *Gray,* 70 Kan. 705, 79 Pac. 654; *Cooper* v. *Hopkins,* 70 N. H. 271; Columbian Law Review; *Davis* v. *Richardson,* 76 Ark. 348, 89 S. W. 318; *Davis* v. *Tex. & P. R. Co.* 42 S. W. 1008; *Day* v. *Woodworth,* 13 How. 371; *D. C.* v. *Holton,* 15 App. D. C. 389; *Dobbins* v. *Duquid,* 65 Ill. 474; *Dunn* v. *Cass Ave., etc., R. Co.* 21 Mo.

App. 188; *Edelmann* v. *St. Louis Transfer Co.* 3 Mo. App. 503; *Ewing* v. *Pittsburgh, C. C. & St. L. Co.* 147 Pa. 40, 14 L.R.A. 666, 30 Am. St. Rep. 709; *Faber* v. *C. & G. W. R. Co.* 62 Minn. 433; *First Nat. Bank* v. *Kan. Grain Co.* 60 Kan. 30, 55 Pac. 277; *Ft. Clark St. R. Co.* v. *Ebaugh,* 49 Ill. App. 582; *Gatzow* v. *Buening,* 106 Wis. 1, 49 L.R.A. 475, 80 Am. St. Rep. 17, 81 N. W. 1003; *Gerkins* v. *Ky. Salt Co.* 23 Ky. L. Rep. 2415, 67 S. W. 821; *Gilbert* v. *Kennedy,* 22 Mich. 117; *Gilbertson* v. *Forty-Second St. M. & St. N. Ave. R. Co.* 14 App. Div. 294, 43 N..Y. Supp. 782; *Ga. R. & B. Co.* v. *Benton,* 117 Ga. 785; *Gravett* v. *Mugge,* 89 Ill. 218; *Graville* v. *Manhattan R. Co.* 105 N. Y. 525, reversing 13 Daly, 32; *Gulf, C. & S. F. R. Co.* v. *Moody,* 3 Tex. Civ. App. 622, 30 S. W. 574; *Haile* v. *Texas & P. R. Co.* 23 L.R.A. 774, 9 C. C. A. 134, 23 U. S. App. 80, 60 Fed. 557; *Hair* v. *Barnes,* 26 Ill. App. 580; *Haven* v. *Hartford, etc. R. Co.* 28 Conn. 69; *Hetzel* v. *B. & O.* 7 App. D. C. 524; *Hoover* v. *Haynes,* 65 Neb. 557; Hutchinson, Carriers; *Inman* v. *Ball,* 65 Iowa, 543, 22 N. W. 666; *Jackson* v. *Schmidt,* 14 La. Ann. 806; *Judd* v. *Isenhart,* 93 Ill. App. 520; *Kalen* v. *Terre Haute, etc. Co.* 18 Ind. App. 202; *Kan. City, St. S. & M. R. Co.* v. *Dalton,* 65 Kan. 661, 70 Pac. 645; *Kerr* v. *Force,* 3 Br. C. C. 8; *Kyle* v. *C. R. I. & P. R. Co.* 182 Fed. 613; *Leahy* v. *Davis,* 121 Mo. 227, 25 S. W. 941; *Liversidge* v. *Berkshire, St. R. Co.* 210 Mass. 234, 36 L.R.A.(N.S.) 993; *Logan* v. *H. & S. J. R. Co.* 77 Mo. 663, 666; *Long* v. *Aldridge,* 5 Ky. L. Rep. 180; *Long* v. *Emsley,* 57 Iowa, 11, 10 N. W. 280; *Louisville, etc. R. Co.* v. *Roberts,* 10 Ky. L. Rep. 528, 8 S. W. 459; *Louisville, etc. R. Co.* v. *Wurl,* 62 Ill. App. 381; *L. S. & N. S. R. Co.* v. *Prentice,* 147 U. S. 107; *Lyles* v. *Perrin,* 119 Cal. 264, 51 Pac. 332; *McHenry Coal Co.* v. *Sneddon,* 98 Ky. 684, 34 S. W. 228; *Mackin* v. *Blythe,* 35 Ill. App. 216; *Maynard* v. *Oregon R. & Nav. Co.* 46 Or. 15, 68 L.R.A. 477, 78 Pac. 983; *Miller* v. *Ambrose,* 35 App. D. C. 75; *Milwaukee, etc. R. Co.* v. *Arms,* 91 U. S. 489, 23 L. ed. 374; *Mitchell* v. *Rochester R. Co.* 151 N. Y. 107, 34 L.R.A. 781, 56 Am. St. Rep. 604, 45

N. E. 354; *Morse* v. *Duncan,* 14 Fed. 396; *Murray* v. *Pinnaci,* 130 Fed. 530; *N. O. & N. R. Co.* v. *Jopes,* 142 U. S. 18, 35 L. ed. 924; *New Orleans, etc. R. Co.* v. *Statham,* 42 Miss. 607, 97 Am. Dec. 478; *P. W. & B. R. P. Co.* v. *Quigley,* 62 U. S. 21, 16 L. ed. 77; *Patterson* v. *South, etc. R. Co.* 89 Ala. 318, 7 So. 437; *Patterson* v. *Waldman,* 20 Ky. L. Rep. 514, 46 S. W. 17; *Phila. Traction Co.* v. *Orbann,* 119 Pa. 37, 12 Atl. 816; *Pierce* v. *Millay,* 44 Ill. 189; *Pierce* v. *St. L. I. M. & S. R. Co.* 94 Ark. 489; *Plummer* v. *Harbut,* 5 Iowa, 308; *Powell* v. *P. C. & St. L. R. Co.* 5 Ohio Dec. 89; *Rawlings* v. *Wabash R. Co.* 97 Mo. App. 511; *Rowan* v. *Western U. Teleg. Co.* 149 Fed. 550; *S. P. Co.* v. *Hetzer,* 66 C. C. A. 26, 135 Fed. 272; *Sanderson* v. *Northern P. R. Co.* 88 Minn. 162, 60 L.R.A. 403, 97 Am. St. Rep. 509, 92 N. W. 542; *Scott* v. *Bryson,* 74 Ill. 420; *Scott* v. *Donald,* 165 U. S. 88, 41 L. ed. 638; Sedgwick, Damages, 1912 ed. sec. 107; *Sheedy* v. *Union P. Co.* 25 Mo. App. 527; *Snyder* v. *Wabash R. Co.* 85 Mo. App. 495; *Spade* v. *Lynn & B. R. Co.* 168 Mass. 285, 38 L.R.A. 512, 60 Am. St. Rep. 393, 47 N. E. 88; *St. L. I. M. & S. R. Co.* v. *Taylor,* 84 Ark. 42, 13 L.R.A.(N.S.) 159, 104 S. W. 551; *Swift & Co.* v. *Johnson,* 138 Fed. 867; *Shaffer* v. *Austin,* 68 Kan. 234, 74 Pac. 1118; *Talbott* v. *W. Va. & P. R. Co.* 42 W. Va. 560; *Thompson-Starrett Co.* v. *Warren,* 38 App. D. C. 310; *Tripp* v. *Gouner,* 60 Ill. 474; *United States* v. *Antikamnia Chemical Co.* 37 App. D. C. 343; *W. & G. R. Co.* v. *Dashiell,* 7 App. D. C. 507; *Waldron* v. *Marcier,* 82 Ill. 550; *Walker* v. *Fuller,* 29 Ark. 448; *Wall* v. *Cameron,* 6 Colo. 275; *Waller* v. *Waller,* 76 Iowa, 513, 41 N. W. 307; *Wentworth* v. *Blackman,* 71 Iowa, 255, 32 N. W. 311; *West* v. *Western U. Tel. Co.* 39 Kan. 93, 7 Am. St. Rep. 530, 17 Pac. 807; *Western U. Tel. Co.* v. *Brown,* 62 Tex. 536; *Wilcox* v. *Richmond & D. R. Co.* 17 L.R.A. 804, 3 C. C. A. 73, 8 U. S. App. 118, 52 Fed. 264; *Wilkie* v. *Raleigh & C. F. R. Co.* 128 N. C. 113, 38 S. E. 289; *Woodward* v. *Ragland,* 5 App. D. C. 222; *Wormald* v. *Hill,* 4 Ky. L. Rep. 723; *Yahoola River, etc. Hydraulic Hose Min. Co.* v. *Irby,* 40 Ga. 479.

*Mr. Daniel Thew Wright, Mr. T. Morris Wampler* and *Mr. R. C. L. Moncur,* for the appellee, in their brief cited:

*Alexander* v. *Bladgett,* 44 Vt. 476; *Atchison, etc. R. Co.* v. *Dickerson,* 4 Kan. App. 345; *Beach* v. *Hancock,* 27 N. H. 223; *Bolt* v. *Budwig,* 19 Neb. 739; *Brown* v. *Hannibal, etc. R. Co.* 99 Mo. 319; *Brown* v. *Sullivan,* 71 Tex. 470; *Bryan* v. *Chicago, R. I & P. R. Co.* 63 Iowa, 464; *B. & O. R. Co.* v. *Bambrey* (Pa.) 16 Atl. 67; *Block* v. *Bannerman,* 10 La. Ann. 1; *Camden Interstate R. Co.* v. *Frazier,* 30 Ky. L. Rep. 186; *C. & O. R. Co.* v. *Spiller,* 157 Ky. 222; *Cent. of Ga. R.* v. *Motes,* 117 Ga. 923; *Chicago & A. R. Co.* v. *Flagg,* 43 Ill. 364; *Chicago, St. L. & P. R. Co.* v. *Holdridge,* 118 Ind. 281; *Cole* v. *Atlanta & W. P. R. Co.* 102 Ga. 474; *Cooper* v. *Mullins,* 30 Ga. 146; *Craker* v. *Chicago & N. W. R. Co.* 36 Wis. 657; *Chamberlain* v. *Chandler,* 3 Mason, 242; *Coppin* v. *Braithwaite,* 8 Jur. 875; *District of Columbia* v. *Duryee,* 29 App. D. C. 329; *Dwinelle* v. *N. Y. C. & H. R. Co.* 120 N. Y. 117; *Eads* v. *Metropolitan, etc. R. Co.* 43 Mo. App. 536; *Faber* v. *C. & G. W. R. Co.* 62 Minn. 433; *Ft. Clark St. R. Co.* v. *Ebaugh,* 49 Ill. App. 582; *Gulf, C. & S. F. R. Co.* v. *Moody,* 3 Tex. Civ. App. 622; *Groville* v. *Manhattan R. Co.* 105 N. Y. 525; *Galveston, etc. R. Co.* v. *Thornsberry* (Tex.) 17 S. W. Rep. 521; *Goddard* v. *S. T. R. Co.* 57 Me. 202; *Gillespie* v. *Brooklyn, etc. R. Co.* 178 N. Y. 347; *Gulf, C. & S. F. R. Co.* v. *Copeland,* 17 Tex. Civ. App. 55; *Handy* v. *Johnson,* 5 Md. 450; *Head* v. *S. P. R. Co.* 79 Ga. 358; *Hoover* v. *Haynes,* 65 Neb. 357; *Harless* v. *S. W. Mo. Elec. R. Co.* 123 Mo. App. 22; *Houston & T. C. R. Co.* v. *McNeel,* 33 Tex. Civ. App. 153; *Hot Springs, etc. Co.* v. *Deloney,* 65 Ark. 177; *Hamilton* v. *Third Ave. R. Co.* 53 N. Y. 25; *Jacobs* v. *Third Ave. R. Co.* (N. Y.) 71 App. Div. 199; *Kelley* v. *Kelley,* 8 Ind. App. 606; *Knoxville Traction Co.* v. *Lane,* 103 Tenn. 376; *Lake Shore & M. S. R. Co.* v. *Prentice,* 147 U. S. 101; *Lindsay* v. *Oregon S. L. R. Co.* (Idaho) 90 Pac. 984; *Liversidge* v. *Berkshire St. R. Co.* 210 Mass. 234; *Louisville & N. R. Co.* v. *Hine,* 121 Ala. 234; *La Gascogne,* 135 Fed. 577; *Louisville & N. R. Co.*

v. *Wilsey,* 9 Ky. L. Rep. 1008; *Lexington & E. R. Co.* v. *Lyons,* 104 Ky. 23; *Louisville, etc. Co.* v. *Goben,* 15 Ind. App. 123; *Louisville, etc. Co.* v. *Ballard,* 85 Ky. 307; *McCoy* v. *Milwaukee St. R. Co.* 88 Wis. 56; *McGinnis* v. *Mo. P. R. Co.* 21 Mo. App. 399; *McGhee* v. *Cashin* (Ala.) 40 So. 63; *Mabray* v. *City Elec. Ry. Co.* (Ga.) 59 L.R.A. 590; *Martin* v. *Shoppee,* 3 C. & P. 373; *Miller* v. *King,* 84 Hun, 308; *Mo. K. & T. R. Co.* v. *Tarwater,* 33 Tex. Civ. App. 116; *Mo. P. R. Co.* v. *Kaiser,* 82 Tex. 144; *Mo. K. & T. R. Co.* v. *Smith,* 6 Ind. Terr. 99; *Malecek* v. *Tower Grove, etc. R. Co.* 57 Mo. 17; *N. O. & N. R. Co.* v. *Jopes,* 142 U. S. 18; *Neito* v. *Clark,* 1 Cliff. 145; *Powell* v. *P. C. & St. L. R. Co.* 5 Ohio Dec. 89; *Pa. Co.* v. *Bray,* 125 Ind. 229; *Pa. R. Co.* v. *Counell,* 127 Ill. 419; *Pullman, etc. Co.* v. *King,* 39 C. C. A. 573; *Ray* v. *Cortland, etc. R. Co.* 19 App. Div. 530; Sedgwick, Damages, 8th ed. sec. 43; *Shepard* v. *Chicago, etc. R. Co.* 77 Iowa, 54; *Southern Kansas R. Co.* v. *Rice,* 38 Kan. 398; *Stowe* v. *Heywood,* 7 Allen, 118; *Serwe* v. *Northern P. R. Co.* 58 Minn. 78; *Stewart* v. *Brooklyn, etc. R. Co.* 90 N. Y. 588; *Spohn* v. *Mo. P. R. Co.* 87 Mo. 74; *Sherley* v. *Billings,* 8 Bush, 147; *Thompson-Starrett Co.* v. *Warren,* 38 App. D. C. 310; *W. U. Tel. Co.* v. *Adams,* 75 Tex. 531; *W. U. Tel. Co.* v. *McLeod* (Tex.) 26 S. W. 866; *W. & G. R. Co.* v. *Dashell,* 7 App. D. C. 507; *Winnegar* v. *Central Pass. R. Co.* 85 Ky. 547.

Mr. Justice ROBB delivered the opinion of the Court:

The first assignment of error relates to the action of the trial court in permitting the plaintiff to prove the facts and circumstances surrounding the assault. It is the contention of the defendant that the special plea and the joinder of issue thereon raised the single question of justification. The plea alleged that when the motorman laid hands upon and removed the plaintiff, plaintiff was "blockading the passage of other passengers forward," and such must have been the finding of the jury to sustain the plea. The evidence of the plaintiff tended to show not only that he was not "blockading the passage of other

passengers forward," but that there was plenty of room for them to pass him. Under his contention and evidence the plea of justification was ill founded. If the jury should accept his view, as they subsequently did, it of course would be necessary that the facts surrounding the assault should be known, that the damages might be measured. The plaintiff, by joining issue on this special plea, merely conceded that if the jury should find the facts as therein alleged, that is, if the jury should find that the plaintiff was blocking the aisle, the motorman was justified in removing him, and that the motorman used no more than the necessary amount of force. But if the special plea was ill founded, the motorman's act constituted an assault, as plaintiff contended, and under the pleadings the court clearly was right in permitting the plaintiff to prove the facts surrounding the assault.

During plaintiff's testimony he stated that immediately after his release by the motorman he assumed the position from which he had been removed. His counsel thereupon moved the court to strike out this statement, which motion was granted, over the objection and exception of the defendant. We quite agree with the learned trial justice that "if he (plaintiff) had a right there originally, it would not make any difference whether he went back or not." Moreover, defendant's witnesses, without objection, testified to the same fact.

We come now to the main question in the case, that is, whether the court's charge, to which reference has been made, correctly stated the law. While the duty of common carriers of passengers may not be abridged by rules and regulations, there is no doubt as to the power of such a carrier to make and enforce reasonable rules and regulations having for their object the safety and comfort of the traveling public. The rights of a single passenger are not greater nor less than those of every other passenger. Thus the carrier has a right to make and enforce a rule confining a passenger to one seat. *Chesapeake & O. R. Co.* v. *Spiller,* 157 Ky. 222, 50 L.R.A.(N.S.) 394, 162 S. W. 815, Ann. Cas. 1915D, 186. The passenger contracts for one seat, and has no right to more. So, too, must

he conform to reasonable regulations as to his conduct in the waiting room of the carrier. *Central of Georgia R. Co.* v. *Motes,* 117 Ga. 923, 62 L.R.A. 507, 97 Am. St. Rep. 223, 43 S. E. 990, 14 Am. Neg. Rep. 13. But in the present case no regulation of the carrier is involved, for the only evidence upon this point is evidence tending to show that "conductors and motormen had verbal instructions from the company to keep the aisles clear as far as possible, so passengers could pass through the car." It therefore was contemplated that if more passengers were taken on than could find seats, they would be permitted to occupy the aisle of the car, unless in so doing they prevented passengers from passing through it. The charge of the court upon this point was in harmony with the instructions of the defendant to its employees. The defendant, having taken on more passengers than it could seat, a by no means uncommon occurrence, had no right to move those passengers about as pawns upon a chess board. In other words, the plaintiff had a right to assume a position in the aisle, and remain there, unless by so doing he prevented other passengers from passing therethrough. The interior of the car was common to all passengers, and so long as plaintiff demeaned himself properly and respected the rights of the other passengers, he was not subject to the whims or arbitrary notions of defendant's employees.

The next and last assignment of error relates to the question of damages. It first is insisted that there was no proof of damage, and hence that nominal damages only should have been allowed. It is seriously contended by appellant that it does not appear that the plaintiff suffered any injured feelings, nor that he endured any indignity, humiliation, or wounded pride. One person may be more sensitive than another, or, stated otherwise, one person may be more callous than another to public gaze under embarrassing conditions, but we think the rule of law is that where the circumstances of such an assault as is here shown to have taken place are before the jury, the jury may infer that the average person would suffer from the indignity and humiliation. Indeed, to the average person those elements of hurt would be more distressing and lasting than the

comparatively insignificant physical hurt. *Stowe* v. *Heywood,* 7 Allen, 118; *Brown* v. *Hannibal & St. J. R. Co.* 99 Mo. 319, 12 S. W. 655; *Western U. Teleg. Co.* v. *Adams,* 75 Tex. 531, 6 L.R.A. 844, 16 Am. St. Rep. 920, 12 S. W. 857; *McCoy* v. *Milwaukee Street R. Co.* 88 Wis. 56, 59 N. W. 453.

But, it is insisted, mental suffering unaccompanied by physical injury may not form the basis of damages. The overwhelming weight of authority is to the contrary. *Lake Shore & M. S. R. Co.* v. *Prentice,* 147 U. S. 101 37 L. ed. 97, 13 Sup. Ct. Rep. 261; *Alexander* v. *Blodgett,* 44 Vt. 476; *Head* v. *Georgia P. R. Co.* 79 Ga. 358, 11 Am. St. Rep. 434, 7 S. E. 217, 8 Am. Neg. Cas. 135; *Shepard* v. *Chicago, R. I. & P. R. Co.* 77 Iowa, 54, 41 N. W. 564; *Gillespie* v. *Brooklyn Heights R. Co.* 178 N. Y. 347, 66 L.R.A. 618, 102 Am. St. Rep. 503, 70 N. E. 857, 16 Am. Neg. Rep. 181; *Louisville & N. R. Co.* v. *Hine,* 121 Ala. 234, 25 So. 857; *Pennsylvania R. Co.* v. *Connell,* 127 Ill. 419, 20 N. E. 89; *Pennsylvania Co.* v. *Bray,* 125 Ind. 229, 25 N. E. 439. Here, however, there was an actual physical assault.

The further contention is made, under this assignment of error, that the charge of the court upon the question of damages was so vague as to permit the jury to find punitive damages. There is no justification for this contention in the record. Punitive damages were neither claimed by the plaintiff nor permitted to be found by the court.

The judgment is affirmed, with costs.          *Affirmed.*